# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1997 SESSION



FILED

June 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9609-CR-00333 |
| Appellee, | ) | |
| | ) | GREENE COUNTY |
| VS. | ) | |
| | ) | HON. JAMES E. BECKNER, |
| MICHAEL LYNN EALEY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Statutory rape - 2 counts) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**ROGER A. WOOLSEY**                    **JOHN KNOX WALKUP**
118 S. Main St.                        Attorney General & Reporter
Greeneville, TN   37743

                                       **MARVIN E. CLEMENTS, JR.**
                                       Asst. Attorney General
                                       450 James Robertson Pkwy.
                                       Nashville, TN  37243-0493


                                       **C. BERKELEY BELL**
                                       District Attorney General

                                       **ERIC D. CHRISTIANSEN**
                                       Asst. District Attorney General
                                       113-J West Church St.
                                       Greeneville, TN   37743


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

## O P I N I O N

The defendant was charged with two counts of rape of a child and convicted by a jury of two counts of statutory rape. After a hearing, he was sentenced as a Range I standard offender to two years incarceration for each offense, to run consecutively for an effective sentence of four years. In this direct appeal, the defendant challenges the sufficiency of the evidence and claims that his sentence is excessive. We affirm the judgment below.

The first count against the defendant provides that "on or about July 7, 1994 in the State and County aforesaid, and before the finding of this indictment, [he] did unlawfully commit the offense of rape of a child by knowingly engaging in unlawful sexual penetration of [G.K.][1] . . . , a child less than thirteen (13) years of age." The other count against the defendant is identical other then referencing a date of "on or about May 20, 1995." Following the defendant's motion, the State filed a bill of particulars which states, in pertinent part, that "[r]ather than July 7, 1994, the time frame is the first Friday after July 4, 1994" and "[r]ather than May 20, 1995, the time frame is between May 25, 1995, and June 7, 1995."

At trial both G.K. and her mother testified that G.K.'s date of birth was July 19, 1982. Thus, she would have been eleven years old at the time of the first offense, and twelve years old at the time of the second offense. G.K. testified that she had been eleven years old when she first met the defendant in June, 1994, when he was twenty-six. She testified that she had first had sex with him outside her father's residence at Pristine Point. Her last act of sexual intercourse with the defendant occurred in her room

---

[1] It is the policy of this Court to use the initials rather than the names of minor victims of sex crimes.

at her father's residence. Although G.K. was uncertain about the dates on which each of these acts occurred, she admitted that she had initially told the District Attorney that the first incident was on the first Friday after July 4, 1994. She also admitted that she had earlier told him that the last act took place after her father's trailer at Pristine Point had burned and that it took place in Haney Trailer Park.[2] Other proof established that the fire occurred on May 25, 1995, and that the victim's father began renting a residence at Haney Trailer Park on June 1, 1995. These were the only two acts of intercourse about which the victim testified.

Carol Cope, the detective sergeant with the Greene County Sheriff's Department who investigated the case, testified that she had interviewed G.K. on June 7, 1995, when G.K. was twelve years old. According to Cope, G.K. had told her that the acts occurred on July 7, 1994 and May 20, 1995. Ms. Cope also interviewed the defendant on June 8, 1995, and took a statement from him. This statement was introduced into evidence and included the following:

> I met [G.K.] about a year ago through her dad, Roland [K].
> That's the only way we see each other is through Roland.
> [G.K.] and I have sexual intercourse and have had for about
> a year. We use birth control. Roland would get [G.K.] and
> come and get me, or the other way around and we would go
> to Roland's. Roland knows [G.K.] and I were sexually active
> and has from the start. Roland wanted me to meet [G.K.]
> about a year ago and I did, and we have been together since.
> I have spent the night with [G.K.] at Roland's and Roland
> would be there. [G.K.] has been at my house. Roland would
> bring her by when he picked me up.

The defendant testified that he had met G.K. in about June, 1994, and admitted that they had had a sexual relationship with the first sexual intercourse occurring "three or four, maybe five months" after they had first met. He further testified that they

---

[2]The victim in this case was, at best, a reluctant witness. In response to the prosecutor's questions, she testified that she still had "feelings" for the defendant and that she did not want to be in court.

had last had sex in 1995 sometime prior to May 25 of that year.

In his challenge to the sufficiency of the evidence, the defendant complains that the State failed to prove beyond a reasonable doubt that the two offenses occurred on the dates specified in the bill of particulars. We agree with the defendant that the victim was less than definite about the specific dates on which she had sex with him. However, this does not inure to the defendant's benefit. The State is not required to strictly show that the offenses occurred on or during the dates alleged in the presentment (or a subsequent bill of particulars) unless the dates are essential to proving the offense or imposing a defense. State v. Howse, 634 S.W.2d 652, 657 (Tenn. Crim. App. 1982). See also State v. Byrd, 820 S.W.2d 739, 740 (Tenn. 1991) ("[T]he exact date, or even the year, of an offense need not be stated in an indictment or presentment unless the date or time ⳇs a material ingredient in the offense.' . . . [T]he state need allege only that the offense was committed prior to the finding of the indictment or presentment.") (quoting T.C.A. § 40-13-207). In general, a variance between an indictment and the proof at trial

> is not fatal if (1) the defendant is sufficiently informed of the charges levied against him so that he can adequately prepare for trial and, (2) the defendant is protected against a subsequent prosecution for the same offense based on double jeopardy grounds. The variance is not to be regarded as material when the indictment and proof substantially correspond. A material variance occurs only if the prosecutor has attempted to rely at the trial upon theories and evidence that were not fairly embraced in the allegations made in the indictment.

State v. Mayes, 854 S.W.2d 638, 640 (Tenn. 1993) (citations omitted). Any "variance" between the presentment and/or the bill of particulars and the proof in this case was neither material nor fatal.

Moreover, as our Supreme Court recently stated,

The purpose of the bill of particulars is to provide information

4

about the details of the charge when necessary for a defendant to prepare his or her defense, to avoid prejudicial surprise at trial, and to enable the defendant to preserve a plea of double jeopardy. Information that may be required in the bill of particulars includes, but is not limited to, details as to the nature, time, date, or location of the offense.

Although a court should make every effort to see that the prosecution supplies critical information in the bill of particulars, we have observed that in cases involving child sexual abuse, the prosecution may be unable to supply specific dates on which alleged offenses occurred. In such cases, however, where the victim is too young to recall specific dates, ‹the child may be able to define the time of the offense by reference to such memorable occasions in a child's life as birthdays, seasonal celebrations and holidays, the beginning or end of the school year, or visitations by relatives.' If the State is truly unable to provide even an approximate time or date of the offense by means of a descriptive reference, ‹a conviction may nonetheless be affirmed if in the course of trial it does not appear that the defendant's defense has been hampered by the lack of specificity.'

State v. Speck, ___ S.W.2d ___, ___ (Tenn. 1997) (citations omitted).

In this case, the defendant has failed utterly to demonstrate how he was prejudiced in his defense by the State's inability to pin the victim down as to the exact dates on which she had her first and last sexual relations with him. He did not present an alibi defense for the dates set forth in either the presentment or the bill of particulars and has not offered in this appeal any defenses which he might have been able to use at trial were it not for the dates set forth in the bill of particulars. See State v. Speck, __ S.W.2d at __ (Tenn. 1997). Accordingly, the defendant having failed to show how he was prejudiced by the bill of particulars and/or any variance between it, the presentment and/or the proof, we find this issue to be without merit.

In conjunction with his allegations about the sufficiency of the evidence, the defendant also challenges his convictions on the basis of the trial court's failure to require the State to elect which offenses for which it was seeking convictions. The defendant is correct that, where an accused is charged with two offenses, but proof is adduced of

5

more than two offenses, the State must elect which offenses it wants to submit to the jury for consideration in order to preserve the defendant's right to a unanimous jury verdict. See State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993). Before the State is required to elect, however, it must adduce proof of more offenses than those with which the accused is charged.

In this case, the victim testified about two particular incidents of sexual intercourse with the defendant: the first and the last times. The victim testified as to where these occurrences took place and at what stage in the relationship they took place. She did not testify as to the specific dates, but admitted that she had earlier told Ms. Cope and the district attorney the dates on which she believed they had occurred. The defendant, too, admitted that he had had sex with the victim a first time and a last time. The only significant difference with respect to when each of these instances occurred was the month during which they first had sex. The State adduced proof that the first time was in the early summer of 1994. The defendant testified that they did not first have sex until three to five months after they had first met in "about" June 1994.

While we agree with the defendant that there was some proof in the record that these two instances were not the only time he had sex with the victim, we disagree that this proof required the State to make an election. In support of his argument, the defendant refers to the sentence contained in his statement, "[G.K.] and I have sexual intercourse and have had for about a year." While this information may have implied that the relationship included more than two acts of intercourse, it certainly did not rise to a level of proof which presented the jury with more than two discrete offenses from which to choose. In State v. Clabo, 905 S.W.2d 197 (Tenn. Crim. App. 1995), this Court reviewed a conviction for sexual battery. The defendant argued that the trial court had erred in failing to require the State to make an election among offenses proved. We

stated:

> B testified in detail about one precise sexual incident in his bed. The State and defense counsel questioned B about that one precise incident. No details were provided about any other incident. The minor innuendos about another incident were harmless. In considering the entire record in this cause, we are satisfied that the judge did not err in failing to require that the State elect upon which offense it was seeking a verdict in that only one specific incident was alleged to have occurred.

905 S.W.2d at 204-05. We are similarly satisfied here that only two specific acts of intercourse were alleged and proven and, therefore, the trial court did not err in failing to require the State to make an election. This issue is without merit.

Although not raised by the defendant in this appeal, this case presents an opportunity to voice our concern about references to statutory rape as a "lesser included offense" of rape of a child. The record contains a pleading titled "Special Jury Instruction Requests Underlying Statutory Rape." In this pleading, the defendant requested the court to charge the jury with the "lesser included offense of statutory rape." Although the record does not contain the jury instructions given by the court, we must assume that the court honored the defendant's request because of the jury's verdict. The record does not reveal what, if any, reaction the State had to the statutory rape instruction.

We realize that this Court has, on occasion, referred to statutory rape as a "lesser included offense" of aggravated rape charged on the basis that the victim was less than thirteen years old (now rape of a child).[3] See, e.g., State v. Jones, 889 S.W.2d 225 (Tenn. Crim. App. 1994). Under the definition of "lesser included offense" set forth by our Supreme Court in State v. Trusty, 919 S.W.2d 305 (Tenn. 1996), this is an inaccurate characterization of statutory rape. Trusty teaches us that statutory rape is a

_____

[3]Under a previous version of Tennessee's aggravated rape statute, aggravated rape included the unlawful sexual penetration of a victim by the defendant where the victim was less than thirteen (13) years of age. T.C.A. § 39-13-502(a)(4) (1991 Repl). This provision was replaced in 1992 by the statute proscribing "rape of a child." T.C.A. § 39-13-522.

7

lesser included offense of aggravated rape/rape of a child "only if the elements of the included offense are a subset of the elements of the charged offense and only if the greater offense cannot be committed without also committing the lesser offense. . . . In other words, the lesser offense may not require proof of any element not included in the greater offense as charged in the indictment." Trusty, 919 S.W.2d at 310-11. Rape of a child is "the unlawful sexual penetration of a victim by the defendant . . . if such victim is less than thirteen (13) years of age." T.C.A. § 39-13-522(a). Statutory rape, on the other hand, is "sexual penetration of a victim by the defendant . . . when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim." T.C.A. § 39-13-506(a). Statutory rape includes an element that is not included in the elements of rape of a child: there must be at least a four (4) year age difference between the victim and the accused. Moreover, the age of a statutory rape victim must be at least thirteen (13) while the age of a child rape victim must be no more than twelve (12). Far from the one offense being a lesser included of the other, the statutory elements of these two crimes are mutually exclusive: depending on the age of the victim an accused may be guilty of one or the other of these offenses at a given point in time, but not both. See also State v. Woodcock, 922 S.W.2d 904, 913 (Tenn. Crim. App. 1995) (statutory rape was not a lesser included offense of rape).

Nor are we prepared to hold that statutory rape is a lesser grade offense of aggravated rape/rape of a child. Trusty provides that "the grades or classes of any offense are established by statute" and that "[o]ne need only look to the statutes to determine whether a given offense is a lesser grade or class of the crime charged." 919 S.W.2d at 310 (emphasis in original). Trusty offers as examples of this test the crimes of homicide, kidnapping and assault. However, while we agree that these three types of criminal offenses were neatly and obviously divided up into grades or classes by our

Legislature,[4] the sex crimes do not lend themselves to such simple categorization. Although both aggravated rape/rape of a child and statutory rape are included in Part 5 of Chapter 13 of Title 39 of our Code, Part 5 also includes provisions dealing with homosexual acts, public indecency, and prostitution. T.C.A. §§ 39-13-510; 39-13-511; and 39-13-512 - 516. Certainly, prostitution is not a lesser grade or class of rape, in spite of its inclusion in the same Part. Thus, that statutory rape is included in the same Part as the sexual assault crimes[5] does not _ipso_ _facto_ make it a lesser grade or offense thereof. Moreover, the very nature of the statutory rape offense is fundamentally different from the sexual assault crimes. For instance, the sexual assault crimes all require some form of "unlawful" contact between the accused and the victim; statutory rape does not. The age of the defendant is irrelevant with respect to all of the sexual assault crimes; it is a crucial element of statutory rape. All of the sexual assault crimes contemplate the lack of effective consent by the victim; statutory rape contemplates circumstances in which the sexual relations are admittedly consensual. In short, neither _Trusty_ nor the statutory scheme nor a consideration of the nature of statutory rape convinces us that it is a lesser grade or class of the rape of a child offense charged in this case.

In order for us to find that the defendant's convictions for statutory rape in this case are valid, however, it is unnecessary for us to determine that statutory rape is a lesser grade or class of the offense charged. Rather, we hold that the convictions are valid under either of two other theories. First, this Court has previously held that, in rape cases involving victims under the age of thirteen (13) where the defendant asserts as a defense that he thought the child was at least thirteen (13), a jury instruction on statutory

_____

[4]The homicide crimes are all contained in Part 2 of Chapter 13 of Title 39 of our Code; no other offenses are included in that Part. Similarly, all of the kidnapping offenses are included in Part 3 of Chapter 13, and all of the assault crimes are in Part 1; no other types of offenses are included in these Parts.

[5]We include within the term "sexual assault crimes" the crimes of aggravated rape, rape, aggravated sexual battery, sexual battery, and rape of a child. T.C.A. §§ 39-13-502, 503, 504, 505 & 522.

rape is appropriate. See, e.g., State v. Parker, 887 S.W.2d 825, 828 (Tenn. Crim. App. 1994) (where the defendant was charged with aggravated rape and aggravated sexual battery on the basis that the victim was twelve years old, and the defendant adduced proof that he had thought the victim was older, the trial court was correct in instructing the jury on mistake of fact and directing it to consider the offense of statutory rape if it found the defendant entitled to that defense). See also State v. Jones, 889 S.W.2d 225, 230 (Tenn. Crim. App. 1994) (where the defendant was convicted of aggravated rape on the basis that the victim was twelve years old and the defendant adduced proof that he had thought the victim was at least thirteen, the defendant was entitled to a new trial because the trial court did not instruct the jury on the defense of mistake of fact and on the "lesser included offense" of statutory rape). In the instant case, the defendant testified that the victim had told him she was "sixteen, going on seventeen" and he requested a special jury instruction on mistake of fact. Where a defendant's ignorance or mistake of fact constitutes a defense to the offense charged, he may still be convicted of the offense for which he would be guilty if the facts were as the defendant believed. T.C.A. § 39-11-502(b).[6] Thus, if the defendant in this case had believed G.K. to be sixteen at the time they first had intercourse, a jury instruction -- and, ipso facto, a conviction -- on statutory rape was appropriate.

Second, in this case the defendant requested a jury charge on the offense of statutory rape. The trial court gave the defendant what he wanted and the defendant was then convicted of that offense. We find that the defendant's actions in this case amounted to a consensual amendment to his presentment such that he was properly charged with statutory rape in addition to rape of a child. Under our rules of criminal procedure, "[a]n indictment, presentment or information may be amended in all cases

---

[6]Effective July 1, 1995, this statute was amended to provide that mistake of fact is not a defense to prosecution for rape of a child or aggravated rape where the victim is less than thirteen years old. T.C.A. § 39-11-502(a).

with the consent of the defendant." Tenn.R.Crim.P. 7(b).

In a similar case, this Court considered a defendant who had been charged with attempted first-degree murder. State v. Robert W. Bentley, C.C.A. No. 02C01-9601-CR-00038, Shelby County (Tenn. Crim. App. filed Oct. 17, 1996, at Jackson). No amendments to the indictment were made prior to trial but, after the close of proof, the defendant requested a jury instruction on the offense of reckless endangerment.[7] The court granted the defendant's request. The defendant was subsequently acquitted of the attempted first-degree murder charge (and its lesser included offenses of attempted second-degree murder and attempted voluntary manslaughter) but convicted of reckless endangerment. On appeal, the defendant contended that his conviction could not stand because reckless endangerment is not a lesser included offense of attempted first-degree murder. While acknowledging the technical correctness of the defendant's position, we held:

> The jury instruction on reckless endangerment, given with the consent of both parties, constituted, in effect, an amendment to the defendant's indictments. While no one at trial specifically addressed the necessity of amending the indictments to include the offense of reckless endangerment, this oversight was merely the result of the trial court, defense counsel and the State all mistakenly concluding that reckless endangerment is a lesser included offense of attempted first-degree murder. However, indictments 'may be amended in all cases with the consent of the defendant.' Tenn.R.Crim.P. 7(b). The defendant here, through his counsel, not only consented to being tried on the charge of reckless endangerment, but actively sought this result. For the purposes of this appeal, we find the defendant's actions to have constituted consent to an effective amendment to his indictments. He will not now be heard to complain about convictions on an offense which, without his own counsel's intervention, would not have been charged to the jury. See T.R.A.P. 36(a) ('Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.')

---

[7] "A person commits an offense who recklessly engages in conduct which places or may place another person in imminent danger of death or serious bodily injury." T.C.A. § 39-13-103(a).

Bentley, id. We hold that the same result should obtain in the case sub judice and for the same reasons. The defendant's two convictions for statutory rape are affirmed.

The defendant also complains that his sentences are excessive and should not be run consecutively. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

> (1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40-35-210.

In addition, this section provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each

12

factor is left to the discretion of the trial judge.  State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The Act further provides that "[w]henever the court imposes a sentence, it shall place on the record either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40-35-209." T.C.A. § 40-35-210(f) (emphasis added). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found.  T.C.A. § 40-35-210 comment.  These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

The trial court in this case followed the proper procedure in sentencing the defendant.  Accordingly, the presumption of correctness attaches.  The court found and applied three enhancement factors: a previous history of criminal convictions in addition to those necessary to establish the appropriate range; the offenses involved two or more criminal actors and the defendant was a leader in their commission; and a previous history of unwillingness to comply with the conditions of a sentence involving release in the community.  T.C.A. § 40-35-114(1), (2) & (8).  The first and last of these enhancement factors are amply supported by the record.  Prior to committing the instant offenses, the defendant had been convicted of three DUIs, reckless driving, failure to report an accident, and public intoxication.  He had also violated his probation.  With respect to the second of these factors -- that the defendant was a leader in the commission of the statutory rapes -- the trial court found that the victim's father was an aider and abettor. While we agree that the record supports the trial court's conclusion that the victim's father participated in bringing her and the defendant together while knowing that they were engaging in sex, we disagree that the record supports the court's conclusion that the defendant was the leader.  Rather, the proof indicates that the father was actually the

13

leader. He introduced the victim and the defendant and then transported one or the other to their meetings. Accordingly, we hold that the trial court erred in applying this enhancement factor. Nevertheless, the court did not abuse its discretion in increasing the minimum sentence of one year to the maximum sentence of two years on each conviction. A maximum sentence is appropriate where there are two enhancement factors and no mitigating factors.[8] This issue is without merit.

In imposing consecutive sentences on the defendant, the trial court relied on that portion of the 1989 Sentencing Act which provides that a defendant's sentences may be run consecutively when the trial court finds by a preponderance of the evidence that he

> is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

T.C.A. § 40-35-115(b)(5). In finding that this provision applied, the court stated:

> the facts of this case are that there was a fairly long-lasting sexual relationship involving sexual penetration, the complete sexual act between this 27-year old defendant man and this 12-year old girl child and that it went undetected for a significant . . . well undetected by authorities for a significant period of time, that it was only stopped when it was detected and that at 12 years old . . . of course, a female is a minor under 18 years old, but at 12 years it's so significant that I believe it does, in fact, activate 40-35-115(b)(5) to the extent that the sentences should be imposed consecutively[.]

The trial court did not abuse its discretion in ordering consecutive sentences under this provision. Moreover, the trial judge stated specifically that he wanted the sentence to deter the defendant from having sex with "young children," see Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976), and we find that the four year aggregate sentence is reasonably

---

[8]Defense counsel admitted at the sentencing hearing that there were "no mitigating factors."

related to the severity of this defendant's offenses against this victim. See State v. Taylor, 739 S.W.2d 227, 230 (Tenn. 1987). This issue is without merit.

The defendant's convictions and sentences are affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
CORNELIA A. CLARK, Special Judge