# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## OCTOBER 1998 SESSION

FILED

January 21, 1999

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,              )
                                 )    NO. 01C01-9803-CR-00115
    Appellee,               )
                                 )    PUTNAM COUNTY
VS.                              )
                                 )    HON. LEON BURNS, JR.,
TRACY STEWART MULLINS,           )    JUDGE
                                 )
    Appellant.              )    (Aggravated Sexual Battery)


**FOR THE APPELLANT:**

**FRANK LANNOM**
**B. KEITH WILLIAMS**
102 E. Main Street
Lebanon, TN 37087
(On Appeal)

**DAVID N. BRADY**
District Public Defender

**TERRY D. DYCUS**
**H. MARSHALL JUDD**
Assistant Dist. Public Defenders
215 Reagan Street
Cookeville, TN 38501-3404
(At Trial)

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**KIM R. HELPER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM E. GIBSON**
District Attorney General

**JOHN B. NISBET III**
**SHAWN FRY**
Assistant District Attorney General
145A S. Jefferson Avenue
Cookeville, TN 38501-3424


OPINION FILED: _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant was charged with one count of aggravated rape; a jury convicted him of aggravated sexual battery. He was sentenced as a Range I standard offender to twelve years in the Department of Correction. In this direct appeal, the defendant raises the following issues:

> (1) whether aggravated sexual battery is a lesser included or lesser grade offense of aggravated rape;
>
> (2) whether he received constitutionally adequate notice of the lesser charge of aggravated sexual battery since the indictment charged only aggravated rape;
>
> (3) whether certain hearsay statements by the victim were properly admitted; and
>
> (4) whether his sentence is excessive.

Upon our review of the record, we affirm the judgment of the trial court.

**I. FACTS**

During the early morning hours of June 22, 1996, the defendant and the victim were riding together in a car with several other people. They stopped at a place near the defendant's mother's house, and the defendant and the victim walked together into a wooded area. According to the victim, the defendant insisted on engaging in sexual relations. She refused. He pushed her to the ground, ripped off her shorts and panties, tore her shirt, and attempted to have intercourse with her. At one point he threatened her with a small pocketknife. During the struggle, the defendant hit the victim, pushed her head and face into the ground, and scratched her chest. Although the defendant was unable to perform intercourse with the victim, he did penetrate her with his fingers.

Eventually, the defendant got up to urinate and the victim ran to a nearby house. The defendant followed her. The victim pounded on the door, and James Qualls let her in; the defendant followed shortly thereafter. The victim attempted to call 911, but the defendant hung up the phone. Qualls separated the two, and the police were eventually called.

Maxine Qualls, James' wife, testified that the victim was "crying and shaking

2

and. . .upset" and said, "[h]e raped me; he raped me." She described the victim's appearance as follows:

> She had on a pair of blue jean shorts, had the straddle cut out of them. They were split up both sides. She had on a sleeveless shirt. It had no buttons. She had a cut or a scratch on the left side of her breast. She had grass and weeds in her hair.

Mrs. Qualls further testified that the victim was not wearing underwear.

The police arrived and took the defendant into custody. In his statement to Officer Alton C. Allen II, the defendant admitted that he "wanted some," but denied inserting his fingers into the victim. However, Dr. Wendell Bruce Thomas, who performed an examination upon the victim after the attack, found dirt and leaves inside her vagina. He testified that this was consistent with the victim being thrown down in a wooded area and having one or more fingers inserted into her vagina.

## II. LESSER OFFENSE

The defendant first contends that the trial court erred when it gave the jury an instruction on aggravated sexual battery. He argues that aggravated sexual battery is neither a lesser included, nor a lesser grade offense of aggravated rape. The state disagrees.

We note that a trial judge "must instruct the jury on all lesser grades or classes of offenses." State v. Cleveland, 959 S.W.2d 548, 553 (Tenn. 1997). One offense is a "lesser included" of another "'only if the elements of the greater offense, as those elements are set forth in the indictment, include but are not congruent with, all the elements of the lesser.'" Cleveland, 959 S.W.2d at 553 (quoting State v. Trusty, 919 S.W.2d 305, 310-11 (Tenn. 1996)). A "lesser grade" offense is established by statute. "One need only look to the statutes to determine whether a given offense is a lesser *grade or class* of the crime charged." Trusty, 919 S.W.2d at 310.

The offense of aggravated sexual battery is committed when a person has unlawful sexual contact with the victim by using force or coercion and a weapon. *See* Tenn. Code Ann. § 39-13-504(a)(1). Aggravated rape, as charged in the

3

instant indictment, is committed when a person sexually penetrates the victim by using force or coercion and while armed with a weapon. *See* Tenn. Code Ann. § 39-13-502(a)(1).

The evidence in this case supports a charge of aggravated sexual battery. Therefore, if aggravated sexual battery is either a lesser included, or a lesser grade offense of aggravated rape, the trial court did not err by instructing the jury on this offense.

As indicated above, aggravated sexual battery is *not* a lesser included offense of aggravated rape since it requires an element that aggravated rape does not: the sexual contact must be for the purpose of sexual arousal or gratification. However, aggravated sexual battery *is* a lesser grade or class offense of aggravated rape. The sexual assault crimes are divided into the grades of aggravated rape, rape, aggravated sexual battery, sexual battery, and rape of a child. *See* Tenn. Code Ann. § 39-15-502 through -505, -522; State v. Ealey, 959 S.W.2d 605, 611 n.5 (Tenn. Crim. App. 1997).

Because the evidence in this case supports a charge of aggravated sexual battery, and since aggravated sexual battery is a lesser grade or class offense of aggravated rape, the trial court's instruction to the jury was proper. This issue is without merit.

## III. CONSTITUTIONAL ISSUES

The defendant next contends that a conviction for aggravated sexual battery based upon an indictment for aggravated rape is unconstitutional under both the state and federal constitutions. Specifically, he complains that the indictment failed to provide him with adequate notice of the lesser charge and fails to protect him from double jeopardy.

### A. Adequate Notice

Our Supreme Court acknowledged that "Tennessee law recognizes two types of lesser offenses that may be included in the offense charged in an indictment and,

may, therefore, form the basis for a conviction: a lesser grade or class of the charged offense and a lesser included offense." Trusty, 919 S.W.2d at 310. Thus, notice of the charged offense includes notice of all lesser included and lesser grade offenses. See State v. Banes, 874 S.W.2d 73, 80 (Tenn. Crim. App. 1993) ("An indictment charging a greater offense impliedly charges all lesser included offenses for which the proof would support a conviction.") Otherwise, the prosecutor would have to separately charge the accused with every possible lesser grade and lesser included offense arguably supported by the evidence. Our constitutions simply do not impose such a burden.

This issue is without merit.

## B. Double Jeopardy

We further reject the defendant's contention that the instant indictment fails to protect him from double jeopardy. The trial on the primary charge of aggravated rape was also a trial upon all lesser offenses. See State v. Tutton, 875 S.W.2d 295, 297 (Tenn. Crim. App. 1993) ("When there is a trial on a single charge of a felony, there is also a trial on all lesser included offenses, 'as the facts may be.'") (citation omitted). Any future attempt by the state to prosecute him for this offense would be barred by double jeopardy principles. See, e.g., State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991).

This issue is without merit.

## IV. HEARSAY

The defendant's next contention is that the trial court erred in admitting the testimony of Melinda Kay Qualls wherein she repeats statements of the victim overheard in her parents' home. During her testimony, Ms. Qualls stated that the victim said the defendant raped her, that he forced her "to do things," and that "he was cutting her trying to make her do what he wanted her to do." The defendant contends that "[a]dmission of these prejudicial statements violated the rules of evidence." The trial court allowed the testimony based on the excited utterance

5

exception to the hearsay rule. *See* Tenn. R. Evid. 803(2). The trial court was correct.

An excited utterance is a hearsay statement "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Id. Here, the victim's statements were made immediately following her escape from the defendant and while visibly upset from the event. These statements are classic examples of excited utterances and were properly admitted.

This issue is without merit.


## V. SENTENCING

Finally, the defendant complains that his twelve-year sentence is excessive. The trial court imposed the maximum sentence on the basis of defendant's criminal record which included a prior rape conviction. *See* Tenn. Code Ann. § 40-35-114(1) (enhancement is appropriate where the defendant has a previous history of criminal convictions). The defendant offered no proof of mitigating factors at the hearing, and the trial court found none.

When a defendant challenges the length of his sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the defendant. *Id.*

Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence is the minimum sentence within the range. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range.

6

Defendant's complaint that the trial court erred by sentencing him to the maximum sentence based upon one enhancement factor is without merit. The weight given to enhancement factors is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997). The defendant had a criminal history including a prior conviction for rape. The trial court gave great weight to this enhancement factor. It did not abuse its discretion in doing so.

This issue is without merit.

## VI. CONCLUSION

After a careful review of the record, we AFFIRM the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


 (Not Participating)
**PAUL G. SUMMERS, JUDGE**


_____
**JOSEPH M. TIPTON, JUDGE**