# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
January 2000 Session

## STATE OF TENNESSEE v. DERRICK WILLIAMS

**Direct Appeal from the Circuit Court for Crockett County**
**No. 3097     Dick Jerman, Jr., Judge**

**W1999-01231-CCA-R3-CD - Decided August 18, 2000**

---

This appeal arises from the defendant's challenge to his sentence of twelve years plus a $10,000 fine for vehicular homicide, four years for reckless aggravated assault, one year for leaving the scene of an accident, and eleven months and twenty-nine days plus a $350 fine for driving under the influence. The sentences are to be served concurrently. The defendant disputes the trial court's application of three of four enhancement factors and refusal to apply a mitigating factor in reaching the sentence. Based upon our review, we affirm the convictions for vehicular homicide, reckless aggravated assault, and leaving the scene of an accident, and reverse and dismiss the conviction for driving under the influence, this offense being merged into the conviction for vehicular homicide. Additionally, we conclude that the trial court incorrectly applied certain enhancement factors. According, we reduce the sentence for vehicular homicide to ten years and the sentence for reckless aggravated assault to three years. All sentences are to be served concurrently, as ordered by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed and Dismissed in Part, and Sentence Modified**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Tom W. Crider, District Public Defender, and Joyce Diane Stoots, Assistant Public Defender, for the appellant, Derrick Williams.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; Clayburn L. Peeples, District Attorney General; and Edward L. Hardister, Assistant District Attorney General; for the appellee, State of Tennessee.

## OPINION

The defendant, Derrick Williams, pled guilty to vehicular homicide by means of intoxication (a Class B felony), reckless aggravated assault (a Class D felony), leaving the scene of an accident (a Class E felony), and driving under the influence (a Class A misdemeanor). These charges resulted from the death of sixteen-year-old Casey Lee Melton, and injuries to her friend, Alicia Flowers,

occurring on May 9, 1998. The trial court sentenced the defendant to twelve years plus a $10,000 fine for the vehicular homicide, four years for the reckless aggravated assault, one year for leaving the scene of an accident where death or injury occurred, and eleven months and twenty-nine days plus a $350 fine and revocation of his driver's license for one year for driving under the influence. The sentences are to be served concurrently. The defendant challenges the trial court's application of enhancing factor (3), the crime involved more than one victim; factor (6), the personal injuries were particularly great; and factor (10), a high risk to human life was involved. He also appeals the trial court's refusal to mitigate his sentence, due to his great remorse and change of heart since the crime. The State agrees that the application of factors (3), (6), and (10) was improper in this case but argues that factor (1), the prior criminal history of the defendant, should be given great weight, because the defendant's long history with drugs and alcohol-related offenses shows a cavalier attitude toward the law. The State also argues that no mitigating factors apply, as the defendant's remorse did not manifest itself until after he had been incarcerated for some time, and the remorse might be because he was confined rather than because of his actions that resulted in confinement. Based upon our review, we affirm the convictions for vehicular homicide, reckless aggravated assault, and leaving the scene of an accident, and reverse and dismiss the conviction for driving under the influence, this offense being merged into the conviction for vehicular homicide. Additionally, we conclude that the trial court incorrectly applied certain enhancement factors. According, we reduce the sentence for vehicular homicide to ten years, leaving the fine at $10,000, and the sentence for reckless aggravated assault to three years. All sentences are to be served concurrently, as ordered by the trial court.

## FACTS

At the sentencing hearing, Casey Lee Melton's older brother, Brandon, asked to read a statement to the court, the statement setting out the facts of the case. In his statement, Brandon Melton described his sister as a sixteen-year-old high school student who was looking forward to her junior-senior prom on the evening of May 8, 1998. As the victim and a friend[1] were nearing her house after the dance, the intoxicated defendant drove his car into the rear of the victims' car, forcing it into a flooded field. Casey Melton drowned before she could be rescued.[2] Brandon Melton described the devastation and pain that his family has suffered as a result of the victim's death, caused by the defendant's irresponsible decision to drink and drive. Other members of the victim's family filed victim impact statements with the trial court, which are likewise contained in the record. In addition to the sad loss of their youngest daughter and sister, the family has incurred funeral expenses and attorney's fees in connection with the defendant's actions.

The next witness called at the sentencing hearing was Jimmy Porter, Chief Administrator of the Crockett County Jail. Porter testified that he had known the defendant since his incarceration at the jail, and that the defendant had not received any "write-ups" while in jail. However, the

---

[1] This friend was Alicia Flowers, who was injured in the accident.

[2] Brandon Melton did not specifically state that the victim drowned but only that she lost her life. For clarity, we have included this fact based upon the other evidence in the record.

defendant had sought help for anxiety and depression from a doctor during his incarceration and was prescribed medication for these conditions. According to Porter, he has seen a "180 degree" change in the defendant's attitude during his confinement away from an attitude of rebellion and lack of understanding of the seriousness of his actions. On the date of the hearing, the defendant had been confined for 341 days.

The defendant, Derrick Williams, testified on his own behalf. He expressed remorse for his actions and asked the forgiveness of the victim's family. He stated that he thinks about and relives the events every day and every night. The defendant testified that his life has been changed, and he now realizes how precious life is. He stated that he has taken responsibility for his actions. According to the defendant, he has had a problem with drugs and alcohol for six to eight years. He admitted acting irresponsibly and without recognizing the seriousness of his behavior on the evening Casey Melton was killed.

After hearing the evidence, the trial judge found that enhancement factors (1), (3), (6), and (10)[3] applied. No mitigating circumstances were found. The judge stated, "I can't find any mitigation in this except what you've done since it happened, and I've got to look at you on the date that this event occurred. And I can't find any mitigating factors at all based on your conduct and what you did." The trial judge then sentenced the defendant as previously outlined.

---

[3]Tennessee Code Annotated § 40-35-114:

> If appropriate for the offense, enhancement factors, if not themselves essential elements of the offense as charged in the indictment, may include:
> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
> . . . .
> (3) The offense involved more than one (1) victim;
> . . . .
> (6) The personal injuries inflicted upon or the amount of damage to property sustained by or taken from the victim was particularly great;
> . . . .
> (10) The defendant had no hesitation about committing a crime when the risk to human life was high[.]

# ANALYSIS

## Merger

Although not raised as an issue by the parties, we have determined that double jeopardy principles will not permit the convictions for vehicular homicide and DUI to both stand. State v. Denton, 938 S.W.2d 373 (Tenn. 1996); State v. Rhodes, 917 S.W.2d 708 (Tenn. Crim. App. 1995), perm. app. denied (Tenn. 1996) (double jeopardy prevents convictions for both vehicular assault by intoxication and DUI); see also State v. George Blake Kelly, No. 01C01-9610-CC-0048, 1998 WL 712268, at *9-10 (Tenn. Crim. App., Nashville, Oct. 13, 1998) (convictions for vehicular assault and vehicular homicide prevented by double jeopardy). Accordingly, the conviction for DUI is reversed and dismissed, the DUI being merged into the vehicular homicide conviction.

## Standard of Review

In reviewing the defendant's sentence, we must first determine whether the trial court complied with the requirements of Tennessee Code Annotated § 40-35-210(f): (1) to place on the record the reasons for arriving at the final sentence; (2) to identify and support from the record the enhancement and mitigating factors used; and (3) to state the weight and significance given to the mitigating and enhancement factors. State v. Lavender, 967 S.W.2d 803, 807 (Tenn. 1998) (quoting State v. Jones, 883 S.W.2d 597, 601 (Tenn. 1994)). If we find that the trial court has complied with these statutory requirements, our review is *de novo* on the record with a presumption of correctness as to the findings of the trial court. Tenn. Code Ann. § 40-35-401(d). If, however, the trial court failed to meet these requirements, our appellate review is still *de novo* but without the presumption of correctness. Lavender, 967 S.W.2d at 807. In addition, the presumption does not apply to the legal conclusions of the trial court or determinations based on uncontroverted facts. State v. Williamson, 919 S.W.2d 69, 81 (Tenn. Crim. App. 1995). Furthermore, it is the burden of the appellant to prove that the sentence imposed was erroneous. Id.

Our review of the record reveals that the trial court enumerated the enhancement and mitigating factors it was considering, but it did not make specific findings of fact as to how the factors applied to each victim or charge individually. We conclude that the minimum requirements for sentencing were not met. Therefore, we will review the defendant's sentence without the presumption of correctness.

Under the Sentencing Reform Act of 1989, only the factors listed in § 40-35-114 may be used to enhance a sentence. Lavender, 967 S.W.2d at 807. While the weight to be given a factor is left to the sound discretion of the trial judge, State v. Ealey, 959 S.W.2d 605, 613 (Tenn. Crim. App. 1997), a factor cannot be utilized by the court if it is also an essential element of the offense. Id. In other words, if the facts used to support a particular enhancement factor are the same as those used to prove an essential element of the offense, the use of that factor is not proper. We assume that the legislature has already taken into account the level of culpability associated with particular offenses in setting punishment, and a defendant's punishment should not be enhanced above this level unless facts are present that are separate and distinct from those necessary to establish the basic

-4-

crime itself. Id. There are no hard and fast rules as to which factors apply in certain situations, and our determination of the appropriate use of a factor in sentencing is on a case-by-case basis. Id.

The defendant challenges the use of three of the enhancement factors by the trial court and its refusal to apply any mitigating factors.

**Enhancement Factor (1)**

The trial court enhanced the defendant's sentences using factor (1), the defendant had a history of criminal behavior. The defendant does not dispute the use of this factor, and the record supports the trial court's application of this factor. A review of the presentencing report indicates that the defendant was convicted on February 12, 1997, in Humboldt General Sessions Court of possession of marijuana and use of unlawful drug paraphernalia. He was twenty-one years old at the time and received a suspended sentence and a fine. On November 29, 1995, the defendant was convicted of possession of cocaine and received ten days in jail and a fine. In Gibson County, the defendant had convictions for speeding and driving without a driver's license. He ultimately forfeited on charges for assault in November 1996, a safety belt violation in August 1997, and public drunkenness on April 23, 1998. Thus, we conclude that the trial court correctly applied this factor. However, the nature of the defendant's convictions are such that we conclude this factor is not entitled to great weight.

**Enhancement Factor (3)**

The defendant contends that the trial court incorrectly applied factor (3), the offense involved more than one victim. The State agrees that factor (3) should not have been applied to the homicide and assault convictions, but that it was properly applied to the driving under the influence and leaving the scene convictions. This court has previously held that this factor cannot be used to enhance a sentence when there are separate convictions for the offenses committed against each victim. Williamson, 919 S.W.2d at 82. In the present case, there were separate convictions on the charges of vehicular homicide by intoxication in the death of Casey Melton (Count 1) and reckless aggravated assault in the case of Alicia Flowers (Count 4). Thus, factor (3) could not be used to enhance the punishment for these crimes. The conviction for leaving the scene of an accident (Count 6) involved both victims, but there was not a separate conviction as to each. Therefore, the punishment could be enhanced as to this offense, as long as the factor is not an essential element of either of those offenses.

Leaving the scene of an accident is defined in Tennessee Code Annotated § 55-10-101 as:

> (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, but shall then forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of § 55-

10-103.[4] . . . The requirements herein apply to accidents occurring upon highways and the premises of any shopping center, trailer park or any apartment house complex, or any other premises which are generally frequented by the public at large.

Since leaving the scene of an accident does not require that there be more than one victim as an essential element, we conclude that the sentences for this offense could be enhanced by factor (3). Because we have concluded that the DUI offense is merged into the vehicular homicide conviction, this issue is moot as to the DUI conviction.

## Enhancement Factor (6)

This factor allows enhanced punishment when the personal injuries or property damage sustained by the victim was particularly great. The defendant contends that this factor should not have been applied, while the State's position is that it was properly applied to the DUI conviction. We agree with the position of the parties that factor (6) cannot be applied to the convictions for vehicular homicide, reckless aggravated assault, and leaving the scene of an accident. Since we have determined that the DUI conviction is merged into the conviction for vehicular homicide, this issue is now moot as to the DUI.

## Enhancement Factor (10)

The last factor challenged by the defendant is enhancement factor (10), the defendant had no hesitation in committing the offense when the risk to human life was high. Because there were separate convictions for the offenses of vehicular homicide and aggravated assault related to each victim, this factor does not apply to those offenses. The State concedes this result. This factor also should not have been applied to enhance the sentence for leaving the scene of the accident, if indeed the judge did so. The record is too sparse for us to determine whether this factor was applied. The record in this case does not support the application of this factor, since the accident apparently occurred late at night in a rural area when the victims were returning home from their prom. Although he may have done so, there is no evidence in the record that the defendant encountered any other vehicles in the area at the time. Thus, the trial court would have erred in applying this enhancing factor to the conviction for leaving the scene of an accident.

## Mitigating Factor

_____

[4]Tenn. Code Ann. § 55-10-103:

> **Duty to give information and render aid.** – (a) The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person . . . shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person.

The defendant argues that his great remorse should have been used as a mitigating factor. However, the State argues that the defendant's remorse came after he had been incarcerated for some time and raises the question of whether the remorse resulted from the offense itself or from being confined. After a review of the record and the trial court's comments at the sentencing hearing, we conclude that the trial court did not err in refusing to apply this factor.

Remorse can be used as a mitigating factor; however, "mere speaking of remorseful words or a genuflection in the direction of remorse will not earn an accused a sentence reduction." Williamson, 919 S.W.2d at 83. There is nothing in the record before us, other than the words of the defendant, that shows genuine remorse. Although Jimmy Porter, administrator at the jail, testified that the defendant's attitude during his confinement has changed to understanding the seriousness of his crime, he also testified that the defendant was rebellious and did not understand this when he was first confined. At the time of the sentencing hearing, the defendant had been in jail for almost a year. There is no evidence in the record of any actions by the defendant that would support his remorsefulness. Apparently, the trial court was not convinced that the defendant's remorse over his actions was genuine enough to merit a mitigation of his sentence, and we are likewise not convinced. The evidence does not preponderate against the judgment of the trial court, and, therefore, we affirm the trial court's refusal to apply this mitigating factor.

**Sentencing**

The sentence imposed by the trial court is presumptively the minimum in the range, unless there are enhancement factors present. State v. Anderson, 985 S.W.2d 9, 19 (Tenn. Crim. App. 1997), perm. app. denied (Tenn. 1998). If there are enhancement factors but no mitigating factors, as in the present case, the trial court can choose to increase the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). The trial judge assigns the weight to each factor in accordance with the purposes and principles of the 1989 Sentencing Act and what is supported by the record. Anderson, 985 S.W.2d at 19.

We are now left with one enhancement factor, rather than four, and no mitigating factors, as to the convictions for vehicular homicide and aggravated assault. The record shows that the defendant has a six to eight year history of drug and alcohol abuse. We conclude that factor (1), the defendant has a history of criminal behavior, is not entitled to great weight in sentencing this defendant for these two offenses because of the relatively minor nature of his prior offenses.

The trial court sentenced the defendant to twelve years plus a fine as a Range I standard offender for the vehicular homicide of Casey Melton. The Range I sentence for vehicular homicide, a Class B felony, is not less than eight years and not more than twelve years. Tenn. Code Ann. § 40-35-112(a)(2). The trial court gave the defendant the maximum sentence, giving factor (1) great weight. Based upon our review, we conclude that the appropriate sentence for this conviction is confinement for ten years and a fine of $10,000, factor (1) not being entitled to great weight because of the relatively minor nature of the offenses.

The trial court sentenced the defendant to four years for the reckless aggravated assault of Alicia Flowers. The Range I sentence for this offense, a Class D felony, is not less than two years and not more than four years. Tenn. Code Ann. § 40-35-112(a)(4). The defendant received the maximum sentence for this offense. We conclude that the appropriate sentence for this conviction is confinement for three years.

While we have concluded that two of the four enhancement factors, namely factors (1) and (3), can be applied in sentencing the defendant for leaving the scene of the accident, the trial court sentenced the defendant to the minimum in the range for a Class E felony. For this offense, the range was a minimum of one year and a maximum of two years. The trial court did not choose to enhance the defendant's sentence, perhaps because the defendant pulled Alicia Flowers out of the field before fleeing the scene, but the record does not enlighten us on the court's reasoning. In any event, enhancement is not mandatory, and we decline to disturb the trial court's judgment on this sentence. Thus, we affirm the imposition of one year incarceration for the offense of leaving the scene of the accident.

## CONCLUSION

From our *de novo* review of the record, we conclude that the trial court correctly applied enhancement factor (1) to the sentences for all of the offenses but erred in applying enhancement factors (3), (6), and (10). We also conclude that factor (1) is not entitled to great weight in this case. Furthermore, we conclude that the defendant's expression of remorse did not constitute a mitigating factor in this case.

Accordingly, we reduce the defendant's sentence for vehicular homicide to ten years, although leaving the fine at $10,000, and reduce the sentence for reckless aggravated assault to three years. We do not disturb the sentence imposed by the trial court for leaving the scene of an accident. These sentences are to be served concurrently, as ordered by the trial court. The conviction for DUI is reversed and the charge dismissed, this conviction being merged into that for vehicular homicide.

_____
ALAN E. GLENN, JUDGE