IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 23, 2003

## JOHN M. JOHNSON v. DAVID MILLS, Warden

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8748      E. Eugene Eblen, Judge**

**No. E2002-02175-CCA-R3-PC**
**October 28, 2003**

The Defendant, John M. Johnson, appeals from the denial of his petition for writ of habeas corpus. Finding that denial of the petition was appropriate, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Joe H. Walker and Walter B. Johnson, II, Harriman, Tennessee, for the defendant, John M. Johnson.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; J. Scott McCluen, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellee, David Mills, Warden.

**OPINION**

The Defendant was convicted by a jury of child rape. His conviction and fifteen-year sentence were affirmed by this Court on direct appeal. See State v. Johnson, 980 S.W.2d 414 (Tenn. Crim. App. 1998). On October 31, 2000, the Defendant filed a petition for writ of habeas corpus, in which he alleges that his conviction is void because the indictment failed to allege all of the elements of rape of a child. After a hearing, the trial court entered an order denying the Defendant's petition. The instant appeal followed.

The Tennessee Supreme Court has explained the very limited scope of habeas corpus relief in Tennessee as follows:

Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a

defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quotation omitted). This Court has stated that "if the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In this case, the Defendant claims that the trial court was without jurisdiction to convict him because the indictment failed to allege all of the elements of child rape. A valid indictment is an "essential jurisdictional element" to any prosecution. A defective indictment may deprive a court of jurisdiction. See Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). However, so long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void. See id.

In 1997, the Tennessee Supreme Court established the criteria to determine whether an indictment properly performs its essential constitutional and statutory duties. See State v. Hill, 954 S.W.2d 725, 726-27 (Tenn. 1997). In Hill, the court held that for offenses that do not reference an applicable culpable mental state, an indictment will meet constitutional and statutory requirements so long as

(1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;

(2) the form of the indictment meets the requirements of Tennessee Code Annotated section 40-13-202; and

(3) the mental state can be logically inferred from the conduct alleged.

Id.

Our criminal code defines rape of a child as "the unlawful sexual penetration of a victim by the defendant . . . if such victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-522(a). Although no copy of the indictment was included in the record on appeal, the Defendant quoted the language from the indictment in his brief. According to his brief, the indictment charged the Defendant as follows:

THE GRAND JURORS of Tipton County, Tennessee, duly empaneled and sworn, upon their oath, present that JOHN MALCOLM JOHNSON between September 1, 1996 and September 30, 1996, in Tipton County, Tennessee, and before the finding

of this indictment, did unlawfully, feloniously and intentionally sexually penetrate "J.J.", date of birth August 22, 1985, a child less than thirteen (13) years of age, in violation of T.C.A. 39-13-522, against the peace and dignity of the State of Tennessee.

The crux of the Defendant's challenge to the indictment is that it did not sufficiently allege that his sexual penetration of the victim was "unlawful." In support of his argument, he cites State v. Ealey, 959 S.W.2d 605 (Tenn. Crim. App. 1997). Specifically, he references dicta from Ealey, in which this Court stated that "the sexual assault crimes all require some form of 'unlawful' contact between the accused and the victim." Id. at 611. The Defendant argues that since the child rape statute does not define the term "unlawful," we should look to the general rape statute for an explanation of what constitutes an unlawful sexual penetration. Tennessee Code Annotated section 39-13-503(a) states:

> Rape is unlawful sexual penetration of a victim by the defendant . . . accompanied by any of the following circumstances:
>
> (1)     Force or coercion is used to accomplish the act;
> (2)     The sexual penetration is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the penetration that the victim did not consent;
> (3)     The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless; or
> (4)     The sexual penetration is accomplished by fraud.

After referencing the general rape statute, the Defendant again cites Ealey for the proposition that "[a]ll of the sexual assault crimes contemplate the lack of effective consent by the victim." Ealey, 959 S.W.2d at 611. To conclude his argument, the Defendant states in his brief:

> It is therefore true that "unlawful" in these crimes (including Child Rape), means essentially the lack of consent of the victim either through force or coercion or other defect in the victim such as age of the victim or mental defect. This makes that circumstance an element of the offense. This element was not charged in the indictment and therefore the indictment did not charge the offense of Rape of Child, and the conviction of the Defendant is void.[1]

We reject the Defendant's argument. First, the Defendant's reliance on Ealey is misplaced. In the section of Ealey to which the Defendant cites, this Court is explaining why statutory rape is not a lesser included offense of aggravated rape or rape of a child. Therefore, the phrases utilized

---

[1]We would point out a fatal flaw within the Defendant's argument. In his brief, he states, "It is therefore true that 'unlawful' in these crimes (including Child Rape), means essentially the lack of consent of the victim either through force or coercion or other defect in the victim such as age of the victim or mental defect." (Emphasis added). Therefore, according to the Defendant's reasoning, the element of unlawfulness would have been properly alleged in the indictment by stating that the victim was less than thirteen years old and was therefore incapable of giving her consent.

by the Defendant, placed within their proper context, are describing the differences between statutory rape and the other sexual assault offenses. See id. The Ealey court is not expressing an opinion as to the soundness of the charging instrument in that case. In fact, the indictment in Ealey is remarkably similar to the indictment in the instant case, and there is no indication that the indictment is deficient for not explaining the unlawfulness of the defendant's conduct.

Second, we are unaware of any authority for the Defendant's proposition that the term "unlawful" in the child rape statute creates an additional element that must be alleged and proven by the State. To the contrary, our supreme court has stated that "for [a] jury to convict [a] defendant of child rape, it had to find that the State proved beyond a reasonable doubt that [the victim] was less than thirteen years of age and that he [or she] was sexually penetrated by the defendant." State v. Elkins, 102 S.W.3d 578, 582 (Tenn. 2003); see also State v. Robbie James, No. M2000-00304-CCA-RM-CD, 2000 WL 288334, at *1 (Tenn. Crim. App., Nashville, Mar. 20, 2000) ("Child rape has two essential elements: (1) unlawful sexual penetration; and (2) a victim less than thirteen (13) years of age.").

Finally, we note that the Tennessee Supreme Court has analyzed an indictment that was strikingly similar to the indictment in the instant case, and it found the indictment to pass constitutional and statutory muster.[2] See Hart v. State, 21 S.W.3d 901, 904 (Tenn. 2000).

For these reasons, we conclude that the indictment was not void for failing to allege an essential element of child rape. Accordingly, the trial court had proper jurisdiction to convict the Defendant of that offense. Therefore, we affirm the trial court's denial of the Defendant's petition for habeas corpus relief.

_____
DAVID H. WELLES, JUDGE

---

[2] We acknowledge that, in Hart, our supreme court was not directly presented with the question of whether the indictment was void for failing to state an essential element of the offense, namely that the sexual penetration was unlawful.