# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 2000 Session

## STATE OF TENNESSEE v. WAYNE MICHAEL FULLER

**Direct Appeal from the Criminal Court for Knox County**
**No. 65056     Ray L. Jenkins, Judge**

---

**No. E1999-01676-CCA-R3-CD**
**August 16, 2000**

---

The defendant appeals from his sentence imposed for seven counts of statutory rape, a Class E felony, in the Knox County Criminal Court. The trial court imposed a sentence of two years for each count to be served in the Department of Correction. The trial court imposed consecutive sentencing on five counts and concurrent sentencing was imposed on two counts, for an effective sentence of ten years. In this direct appeal, the defendant challenges the length of the sentence and consecutive sentencing. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee (on appeal), Tommy K. Hinderman, Knoxville, Tennessee (at trial), for the appellant, Wayne Michael Fuller.

Paul G. Summers, Attorney General and Reporter, Mark A. Fulks, Assistant Attorney General, Randall E. Nichols, District Attorney General, Scott Green, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

Wayne Michael Fuller stands convicted upon his guilty pleas to seven counts of statutory rape, a Class E felony, and one count of contributing to the delinquency of a minor, a Class A misdemeanor. See Tenn. Code Ann. § 39-13-506 (1997) (statutory rape); Tenn. Code Ann. § 37-1-156 (1997) (contributing to the delinquency of a minor). Having received consecutive incarcerative sentences of two years on five of the statutory rape counts and concurrent two-year

sentences on two of the statutory rape counts, the defendant appeals.[1] After hearing oral arguments and reviewing the record and the applicable law, we affirm the length of the sentence and the imposition of consecutive sentencing.

Wayne Michael Fuller, 44 years old at the time of sentencing, resided in Jacksonville, Florida. During the late summer months of 1997, the defendant met AW, a 15 year old female, in a chat room on the internet.[2] AW lived in Knoxville, Tennessee with her parents. The defendant's internet relationship with AW progressed to the point that in October 1997, he traveled to Knox County to meet AW. Unknown to her parents, AW met with the defendant and spent most of that particular weekend with him. No sexual activity occurred on this visit.

The defendant returned to Florida, and he continued to correspond with AW through the internet. In December 1997, the defendant again traveled to Knoxville, picked up AW, and took her to a Super 8 Motel in Knox County. On that occasion, the defendant engaged in sexual activity with the minor victim; he penetrated her vagina with his finger, and he performed oral sex on her. The defendant ultimately was charged with two counts of statutory rape arising from his actions during that visit.

On January 3, 1998, the defendant returned to Knoxville. He took AW to the same motel where he penetrated the minor digitally and performed oral sex on her, as the defendant had done in December. On this occasion, the defendant also placed his penis in her mouth. The defendant's actions during the January visit resulted in three counts of statutory rape.

The last time the defendant met with AW before his arrest was in early February 1998. He came to Knoxville, took AW to the Super 8 Motel, and twice penetrated her vagina with his finger. Two additional counts of statutory rape resulted from that encounter. AW's father had learned about the February meeting, and the father contacted law enforcement officers. The officers located the defendant and AW at the Super 8 Motel. The officers found alcohol in the room. The defendant had been drinking, and he had provided alcohol to AW.

The defendant entered guilty pleas to the resulting seven counts of statutory rape and the one count of contributing to the delinquency of a minor. The defendant did not have a plea agreement with the state, and the state made no sentencing recommendation when the defendant pleaded guilty. At the sentencing hearing, the state presented testimony from Knoxville polygraph examiner, Jim Morris, and from Helen Legall, a Gainesville, Florida law enforcement officer. These witnesses recounted admissions made to them by the defendant that he had engaged in other inappropriate conduct involving minors and that he had a "fetish" for young girls.

---

[1] The defendant has not appealed his misdemeanor sentencing on the charge of contributing to the delinquency of a minor.

[2] In accordance with this court's policy, the minor victim will be referred to only by her initials.

The defendant's stepfather, a retired captain with the Hialeah Police Department, testified that what the defendant had done was wrong but that he had suffered. The stepfather was concerned that if his stepson were incarcerated, the defendant's two children who lived with their mother would suffer financially and have to apply for state aid. The stepfather agreed that the defendant definitely has a problem with minor females, that he needs counseling, and that the defendant probably cannot control his behavior.

Neither the defendant nor the victim testified at the sentencing hearing. The trial court had available to it the presentence investigation report on the defendant. The report concluded that the defendant appeared to be a high risk candidate for probation. The report also noted that the defendant had called the presentence investigator to ask about transferring his supervision to Colorado should he move there. The defendant told the presentence investigator that he had been checking the internet and that Colorado's requirements for supervising sex offenders seemed to be more lax than the requirements in either Tennessee or Florida..

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event that the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo*. Id. If appellate review reflects that the trial court properly considered all relevant factors and that its findings of fact are adequately supported by the record, this court must affirm the sentence, even if our independent judgment on the question might differ. See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The mechanics of arriving at an appropriate sentence are well known. In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210(a), (b) (1997); Tenn. Code Ann. § 40-35-103(5) (1997); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

In the present case, the trial court's sentencing judgment is entitled to the presumption of correctness.

The defendant was sentenced for his Class E felonies as a Range I offender. The range of punishment in this case is one to two years. Tenn. Code Ann. § 40-35-112(a)(5) (1997). In sentencing the defendant to two years on each statutory rape count, the trial court applied

enhancement factors (1), previous history of criminal convictions or criminal behavior, and (15), abuse of a position of public or private trust. See Tenn. Code Ann. § 40-35-114(1), (15) (1997). The defendant challenges the application of both enhancement factors.[3]

The trial court found that the defendant "has a previous history of convictions or criminal behavior in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1)(1997). The trial court noted "in particular" that even after pleading guilty to the instant offenses, the defendant was engaging in the same type of conduct that resulted in these charges.

As established through the testimony of Jim Morris and Helen Legall, the defendant has a history of criminal sexual behavior. The defendant admitted to Mr. Morris that when he was 25 years old, he fondled his seventeen year old sister. The defendant admitted that he had paid for the services of prostitutes on multiple occasions, and on one occasion the prostitute was a minor. The defendant recalled that when he was 38 years old, he fondled another minor female, who was fifteen years old at the time.

Approximately four months after he pleaded guilty to the statutory rape and delinquency charges in this case, the defendant was making obscene telephone calls to an eleven year old minor in Gainesville, Florida. The defendant admitted to Officer Legall that he made those calls, which had resulted in the defendant being charged in Florida with aggravated stalking, a felony. The defendant also told Officer Legall that he had been calling dormitories at the University of Florida and soliciting sex while he masturbated. The defendant's explanation for his conduct, Officer Legall related, was that "he had a problem with young girls and specifically he had a fetish for young girls."

The presentence investigation report in this case states that the defendant admitted to the occasional use of alcohol. The defendant told the presentence investigator that he first used alcohol at age seventeen, thereby admitting to the offense of underage consumption of alcohol. The presentence report further reflects that in 1986 the defendant entered a "plea of nolo" and made restitution on a worthless check charge. After entering guilty pleas to the charges in this case, the defendant pleaded guilty in Sevier County to statutory rape involving the same minor female, A. W.

The defendant argues that a "previous history" of criminal convictions or behavior includes only those criminal convictions or behavior that took place before the instant criminal act for which the defendant is being sentenced. That argument has been advanced and rejected numerous times. A sentencing court can consider criminal behavior which occurred prior to the sentencing hearing as evidence of a previous history of criminal convictions under Tennessee Code Annotated section 40-35-114(1), regardless of whether the criminal behavior occurred before or after the commission of the offense under consideration. State v. William E. Gothard III, No. 03C01-9707-CR-00290, slip op. at 6 (Tenn. Crim. App., Knoxville, June 22, 1999); State v. Burl Jarrett, No. 02C01-9710-CC-00418, slip op. at 2 (Tenn. Crim. App., Jackson, August 21, 1998); State v.

---

[3] The defendant has not appealed the trial court's denial of alternative sentencing in this case.

John Allen Chapman, No. 01C01-9604-CC-00137, slip op. at 20 (Tenn. Crim. App., Nashville, September 30, 1997). The trial court did not err in considering the defendant's continuing criminal behavior that occurred after he pleaded guilty in this case to seven counts of statutory rape.

The defendant also claims that the trial court should not have considered the "pending" charges in Florida and Sevier County in connection with the enhancement factor of a previous history of criminal convictions or behavior. The defendant is correct that evidence of merely being arrested and charged with a crime does not *per se* equate with evidence of criminal behavior. See State v. Buckmeir, 902 S.W.2d 418 (Tenn. Crim. App. 1995). In this case, however, the trial court heard the defendant's own admissions of criminal behavior. Officer Legall testified that the defendant admitted making the obscene telephone calls to the minor child in Florida and calling females at the University of Florida and soliciting sex. The defendant even acknowledged to Officer Legall that he had a "fetish" for young girls. Regarding the statutory rape charge in Sevier County, the defendant already had entered a guilty plea by the time of the sentencing hearing in this case. The defendant's argument fails.

The trial court also enhanced the defendant's sentence on each statutory rape conviction to two years because the defendant abused a position of private trust. See Tenn. Code Ann. § 40-35-114(15) (1997). We hold that the trial court erred in applying this enhancement factor.

The application of enhancement factor (15), that the defendant abused a position of public or private trust, requires a finding, first, that the defendant occupied a position of trust vis-a-vis the victim and, second, that the defendant abused that position in a manner that significantly facilitated the commission of the offense. See State v. Kissinger, 922 S.W.2d 482, 488 (Tenn. 1996). Thus, a sentencing court should examine whether "the offender formally or informally stood in a relationship to the victim that promoted confidence, reliability, or faith." Id.

The trial court in this case found that "[p]art of the method of operation of the defendant was to create an aura of trust so that he was able to perform his particular illegal violation." The record, however, does not support this finding. The victim did not testify at the sentencing hearing, and her parents did not respond to the victim impact questionnaire that was mailed to them by the presentence investigator. There is no evidence before us concerning how the relationship between the defendant and the victim began in the internet chat room. Likewise, there is no evidence of the nature of the chat room conversations, such that a finding could be made that the defendant occupied a position of trust with the victim. The state cites us to the recitation by the prosecutor of the factual basis for the defendant's guilty pleas. That recitation is insufficient.

> MR. GREEN: Your Honor, had this matter gone to trial, the witnesses listed on the back of the indictment and those subsequently supplied would have been called to testify, and they would have testified that this defendant and [AW], who was a 15-year-old minor, began corresponding via the Internet. They met in what's commonly referred to as a chat room on the Internet and began conversing back

and forth for a period of time until ultimately in October of 1997, this defendant came to Knox County, Tennessee to meet [AW].

In appropriate cases, sexual offenders who use the internet to develop relationships with third parties may very well abuse a private trust. Such offenders may, for instance, masquerade as caring individuals or individuals who are needy. With the internet and chat rooms, a person can create an entirely fictitious identity that can promote confidence, reliability, or faith in unsuspecting victims. We believe, however, that such a showing has not been made in this case.

Although we conclude that the trial court should not have applied enhancement factor (15), we also exercise our *de novo* review and find that enhancement factor (7) applies. The trial court stated that it had "no problem" finding that the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement. See Tenn. Code Ann. § 40-35-114 (1997). The trial court, though, did not believe that the law permitted the application.

In State v. Adams, 864 S.W.2d 31, 34-35 (Tenn. 1993), our supreme court rejected the proposition that, "as a matter of law, every rape is implicitly committed for the purpose of pleasure or excitement." The supreme court noted that not all such crimes are committed for pleasure, but rather may be motivated, for instance, by acts of brutality, revenge, punishment, or intimidation. Id. Therefore, even though this enhancement factor may be applied to such cases, the state has the burden of demonstrating that the rape is sexually motivated. Id. In the case before us, the record demonstrates that the multiple incidents of statutory rape were sexually motivated. In the defendant's version, which is included in the presentence report, the defendant describes his conduct with the victim as a "consentual [sic] sexual relationship." The defendant's stepfather testified at the sentencing hearing that the defendant asked him, "Would you believe that a younger woman is in love with me?" The stepfather believed that the defendant "was in love with the young lady that he got involved with, and he thought the young lady was in love with him and age would make no difference." Finally, the defendant told Officer Legall that he had a "fetish" for young girls, indicating that young girls excite in him erotic feelings. Under these circumstances, we hold that the record supports the application of enhancement factor (7).

The defendant further complains that the trial court incorrectly rejected mitigating factor (1), that his criminal conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1) (1997). The record is silent either way on the existence or nonexistence of this factor. Even assuming, though, that the trial court should have applied mitigating factor (1), we find that in the total circumstances of this particular case, this factor is entitled to only minimal weight.

In consideration of the foregoing enhancement and mitigating factors, the principles of sentencing, and the record as a whole, we affirm the two year sentence imposed by the trial court on each count of statutory rape.

Defendant's final complaint that he should not have received consecutive sentences on the first five conviction counts does not require extensive treatment. The defendant was convicted of seven counts of statutory rape. The defendant meets the statutory criteria for

-6-

consecutive sentencing as a sexual offender under Tennessee Code Annotated section 40-35-115(b)(5), which provides for consecutive sentencing when

> [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

See, e.g., State v. Lane, 3 S.W.3d 456 (Tenn. 1999); State v. Ealey, 959 S.W.2d 605 (Tenn. Crim. App. 1997).

We conclude that the trial judge was well within his statutory authority and duty to impose consecutive sentences in this case. The defendant inveigled a minor, who was almost 30 years his junior, into a sexual relationship. The sexual relationship occurred undetected over a period of three months from November 1997 until February of 1998. The defendant traveled considerable distance, from Florida to Tennessee, to engage in cunnilingus, fellatio, and digital penetration of the minor. We also note that the trial court did not run every sentence consecutively. Only five of the seven sentences are to run consecutively.

We find no reversible error in the trial court's sentence, and the trial court's judgment is thereby affirmed.

_____
James Curwood Witt, Jr., Judge