**Wayford DEMONBREUN, Jr.**

v.

**Ricky BELL, Warden.**

Supreme Court of Tennessee,
at Nashville.

Feb. 2, 2007 Session.

May 8, 2007.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Gordon W. Smith, Associate Solicitor General; and Elizabeth B. Marney, Assistant Attorney General, for the appellant, Ricky Bell, Warden.

Brian Dunigan, Goodlettsville, Tennessee, for the appellee, Wayford Demonbreun, Jr.

**OPINION**

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which JANICE M. HOLDER and CORNELIA A. CLARK, JJ., and DAVID H. WELLES, Sp.J., joined.

The petitioner, Wayford Demonbreun, Jr., filed this petition for habeas corpus to challenge his conviction for aggravated assault as being void because the indictment was for attempted first degree murder, not

aggravated assault. The trial court dismissed his petition. The Court of Criminal Appeals reversed, granting the petitioner relief holding that the indictment was defective in that it failed to inform him of the essential elements of the offense for which he was convicted. We granted the State's application for permission to appeal. We reverse the Court of Criminal Appeals, holding that the petitioner, by affirmatively requesting a jury instruction on the offense of aggravated assault, effectively agreed to amend the indictment to include aggravated assault. Therefore, the petition for writ of habeas corpus is dismissed.

## Factual Background

In 1994, the petitioner, Wayford Demonbreun, Jr., was indicted for first degree murder and attempted first degree murder. After two mistrials, he was convicted in 1997 of second degree murder and aggravated assault. He was sentenced to twenty-one years for the second degree murder and four years for the aggravated assault to be served consecutively. The judgments and sentences were affirmed on direct appeal. The petitioner unsuccessfully pursued both post-conviction and habeas corpus relief.

On March 18, 2005, the petitioner filed the present petition for writ of habeas corpus, alleging that his conviction for aggravated assault is void because the indictment was defective. He asserts that count two, which charged him with attempted first degree murder, was invalid to support a conviction for aggravated assault because it did not provide him with proper notice of the charge of which he was convicted. *See State v. Hill*, 954 S.W.2d 725, 726–27 (Tenn.1997). It is his position that aggravated assault was not a lesser included offense of attempted first degree murder and that an indictment is effective only as to the charged offense and any lesser included crimes. *See* Tenn. R.Crim. P. 31(d); *Strader v. State*, 210 Tenn. 669, 362 S.W.2d 224, 227 (1962).

The trial court dismissed the petition, concluding that it did not present a cognizable claim for habeas corpus relief. The Court of Criminal Appeals reversed, holding that the petitioner's conviction is void because aggravated assault was not a lesser included offense of attempted first degree murder. The intermediate appellate court held, therefore, that the petitioner had stated a valid claim for habeas corpus relief and vacated the conviction. The State filed an application for permission to appeal, which we granted.

## Standard of Review

The determination of whether habeas corpus relief should be granted is a question of law. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn.2005). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower courts. *Id.*

## Analysis

The right to seek habeas corpus relief is guaranteed by article I, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." However, the grounds upon which habeas corpus relief will be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

A petitioner is entitled to habeas corpus relief only if he or she establishes that the challenged judgment is void, rather than merely voidable. *Id.; Taylor v. State*, 995 S.W.2d 78, 83 (Tenn.1999). A judgment is void "only when 'it appears

upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336–37 (Tenn.1868)); *see also Hoover v. State*, 215 S.W.3d 776, 777 (Tenn.2007).

█ The petitioner filed his petition for writ of habeas corpus alleging that his conviction for aggravated assault is void because aggravated assault was not charged in the indictment. The Court of Criminal Appeals agreed, holding that the conviction for aggravated assault is "void on its face because the trial court lacked the authority to render a judgment for that offense." The intermediate appellate court reasoned that the petitioner was not indicted for aggravated assault, aggravated assault was not a lesser included offense of attempted first degree murder, and a "defendant cannot be legally convicted of an offense which is not charged in the indictment or which is not a lesser included offense of the indicted charge."

A defendant has a constitutional right to be given notice of the offenses with which he is charged. *See* U.S. Const. amend. VI; Tenn. Const. art. I, § 9; *see also Hill*, 954 S.W.2d at 727. The means by which this notice will be provided is governed by statute and by rule. *See* Tenn. Code Ann. § 40–13–202 (1997); Tenn. R.Crim. P. 31(d).

Regarding the necessary content of an indictment, Tennessee Code Annotated section 40–13–202 provides:

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common *understanding* to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Tenn.Code Ann. § 40–13–202 (1997). Tennessee Rule of Criminal Procedure 31(d) provides that a defendant may be found guilty of a lesser included offense of the offense charged or of the attempt to commit either the offense charged or a lesser-included offense.

The second count of the indictment against the petitioner states:

THE GRAND JURORS of Davidson County, Tennessee, duly impaneled and sworn, upon their oath, present that:

WAYFORD DEMONBREUN, JR.

On the 3rd day of November, 1993, in Davidson County, Tennessee and before the finding of this indictment, did attempt to intentionally, deliberately, and with premeditation, kill Rhonda Williamson, in violation of Tennessee Code Annotated § 39–12–101, and against the peace and dignity of the State of Tennessee.

The language of the indictment includes the necessary elements of attempted first degree murder and mirrors the language of Tennessee Code Annotated section 39–13–202 (Supp.1993) defining first degree murder and section 39–12–101 (1997) defining criminal attempt. Following his trial, however, the petitioner was convicted of aggravated assault.[1]

---

[1] Tennessee Code Annotated section 39–13–102 (1997) defines aggravated assault as:
(a) A person commits aggravated assault who:

(1) Intentionally or knowingly commits an assault as defined in § 39–13–101 and:
(A) Causes serious bodily injury to another; or

The Court of Criminal Appeals properly found that aggravated assault was not a lesser included offense of attempted first degree murder under the standards in effect at the time relevant to this case. At the time the petitioner was indicted and tried, the standard for determining whether a crime was a lesser included offense was set forth in *Howard v. State*, 578 S.W.2d 83 (Tenn.1979). In *Howard*, we held that "an offense is necessarily included in another if the elements of the greater offense, as those elements are set forth in the indictment, include, but are not congruent with, all the elements of the lesser." *Id.* at 85. This definition of lesser included offenses was expanded in *State v. Trusty*, 919 S.W.2d 305 (Tenn.1996), to include lesser "grades" or "classes" of offenses. *Id.* at 310–11. However, we held in *Trusty* that even under this expanded definition, aggravated assault was not a lesser included offense of attempted first degree murder. *Id.* at 312.[2]

The fact that aggravated assault was not a lesser included offense of attempted first degree murder did not render the trial court without jurisdiction to convict the defendant of aggravated assault in this case.

The record from the original trial reveals that the petitioner actively sought the instruction on the uncharged offense of aggravated assault. Defense counsel stated:

As to Count Two of this indictment, uh—wherein Mr. Demonbreun is charged with attempted first degree, Your Honor, there's just no evidence of that. The evidence would be, according to what Ms. Williamson [the victim] said, that after the shooting—one single shot was fired later, no evidence of where it went, uh—anything like that, I think that would clearly be an aggravated assault charge.

I would ask that Your Honor submit this to the jury on second degree murder and its lessers and aggravated assault and its lessers.

In previous cases, such an affirmative action by the defendant seeking a jury instruction on an uncharged offense has been held to constitute consent to an effective amendment of the indictment. *See, e.g., State v. Ealey*, 959 S.W.2d 605 (Tenn. Crim.App.1997). In *Ealey*, the defendant was charged with two counts of rape of a child but was convicted by the jury of two

---

(B) Uses or displays a deadly weapon; or
(2) Recklessly commits an assault as defined in § 39–13–101(a)(1), and:
(A) Causes serious bodily injury to another; or
(B) Uses or displays a deadly weapon.
According to Tennessee Code Annotated section 39–13–101 (1997):
(a) A person commits assault who:
(1) Intentionally, knowingly or recklessly causes bodily injury to another;
(2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury. . . .

2. In *State v. Burns*, 6 S.W.3d 453 (Tenn.1999), we clarified the paradigm for determining lesser included offenses. However, *Burns* is not applied retroactively on collateral review and is relevant in post-conviction cases only

where the issue is ineffective assistance of counsel and the direct appeal would have been in the appellate "pipeline" for review under *Burns*. *See Wiley v. State*, 183 S.W.3d 317, 327–30 (Tenn.2006). While we have yet to address the issue of whether aggravated assault is a lesser included offense of attempted first degree murder under *Burns*, the lower courts have held that it is not. *See State v. Troglin*, No. E2005–02015–CCA–R3–CD, 2006 WL 2633107, at *21–22 (Tenn.Crim.App. Sept.14, 2006), *perm. appeal denied* (Tenn. Jan. 29, 2007); *State v. Williams*, No. W2000–01435–CCA–R3–CD, 2001 WL 721056, at *6 (Tenn.Crim.App. June 27, 2001), *perm. appeal denied* (Tenn. Oct. 29, 2001); *State v. Brown*, No. M1999–00691–CCA–R3–CD, 2000 WL 262936, at *2 (Tenn.Crim.App. Mar.9, 2000), *perm. appeal denied* (Tenn. Sept. 10, 2001).

counts of statutory rape. 959 S.W.2d at 607. Defendant Ealey requested the jury charge on the offense of statutory rape. Id. at 612 "The trial court gave the defendant what he wanted and the defendant was then convicted of that offense." *Id.* The Court of Criminal Appeals held that "the defendant's actions ... amounted to a consensual amendment to his presentment such that he was properly charged with statutory rape in addition to rape of a child. Under our rules of criminal procedure, '[a]n indictment, presentment or information may be amended in all cases with the consent of the defendant.' Tenn. R.Crim.P. 7(b)." *Id.*

The court in *Ealey* quoted extensively from the unreported decision *State v. Bentley,* No. 02C01–9601–CR–00038, 1996 WL 594076 (Tenn.Crim.App. Oct.17, 1996). *In Bentley,* the defendant was charged with attempted first degree murder; no amendments to the indictment were made prior to trial, but at the close of proof, the defendant requested and was granted a jury instruction on the offense of reckless endangerment. 1996 WL 594076, at *1. The defendant was subsequently convicted by the jury of reckless endangerment. *Id.* He challenged this conviction on the ground that it was not a lesser included offense of attempted first degree murder. *Id.* The court held:

> The jury instruction on reckless endangerment, given with the consent of both parties, constituted, in effect, an amendment to the defendant's indictments. While no one at trial specifically addressed the necessity of amending the indictments to include the offense of reckless endangerment, this oversight was merely the result of the trial court, defense counsel and the State all mistakenly concluding that reckless endangerment is a lesser included offense of attempted first-degree murder. However, indictments 'may be amended in all

cases with the consent of the defendant.' Tenn. R.Crim. P. 7(b). The defendant here, through his counsel, *not only consented to being tried on the charge of reckless endangerment, but actively sought this result.* For the purposes of this appeal, we find the defendant's actions to have constituted consent to an effective amendment to his indictments. *He will not now be heard to complain about convictions on an offense which, without his own counsel's intervention, would not have been charged to the jury.* See T.R.A.P. 36(a) ('Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.')

*Id.* at *2 (footnote omitted) (emphasis added).

The next case to deal with this issue was *State v. Davenport,* 980 S.W.2d 407 (Tenn. Crim.App.1998). Davenport was indicted for attempted first degree murder but convicted by a jury of aggravated assault. 980 S.W.2d at 408. The State conceded that aggravated assault was neither a lesser included offense nor lesser grade of attempted first degree murder. *Id.* at 409. However, it argued that the defendant's failure to object to the aggravated assault instruction constituted an implicit amendment to the indictment to include the offense of aggravated assault. *Id.* The defendant emphasized that he did not request the jury charge on aggravated assault. *Id.*

The Court of Criminal Appeals recognized that "[i]t is true that *where the defendant affirmatively requests a particular jury instruction on an offense not charged in the indictment,* erroneously believing that offense to be a lesser included

offense of the charged crime, *the defendant is deemed to have consented to an amendment of the indictment.*" *Id.* (citing *Ealey,* 959 S.W.2d at 612; *Bentley,* 1996 WL 594076 at *2) (emphasis added). The intermediate court held that Davenport's conviction was void, however, because "we will not presume consent merely from the accused's silence." *Id.*

In *State v. Stokes,* 24 S.W.3d 303 (Tenn. 2000), this Court addressed an issue similar to that in *Davenport.* Defendant Stokes was indicted for rape, but convicted of statutory rape as a lesser included offense. 24 S.W.3d at 304. The jury was instructed on statutory rape due to the trial court's incorrect belief that statutory rape was a lesser included offense of rape. *Id.* at 306. "It is clear from the record that the instruction on statutory rape was suggested by the trial court as a lesser included offense and that the State and Stokes passively agreed in the court's proposed instruction." *Id.* No motion was made by either party to amend the indictment, nor did court did enter an amendment to the indictment. *Id.*

After holding that statutory rape was not a lesser included offense of rape, we reaffirmed the holding of *Davenport* that "a defendant's *acquiescence* to a jury instruction based on an incorrect belief that an offense is a lesser included offense is simply insufficient to transform an erroneous jury instruction into a valid amendment of an indictment by that defendant's consent." *Id.* (emphasis added). We then clarified the procedure by which an amendment of an indictment should be made under Tennessee Rule of Criminal Procedure 7(b), stating that "to amend an indictment pursuant to Tennessee Rule of Criminal Procedure 7(b), an oral or written motion to amend the indictment should be made, and the defendant's oral or written consent to the motion must be clear from the record." *Id.* at 307. We concluded that "[b]ecause no motion was made to amend the indictment in this case, the jury should not have been instructed on statutory rape ... [and] the defendant's convictions for statutory rape are reversed, and the case is dismissed." *Id.*

We continue to follow the rule set forth in *Davenport,* 980 S.W.2d at 409, and reaffirmed in *Stokes,* 24 S.W.3d at 306, that we will not presume consent to an amendment to an indictment merely from the defendant's silent acquiescence to a jury instruction based on an incorrect belief that an offense is a lesser included offense. However, we find nothing in *Stokes* to prevent the court from finding an effective amendment to an indictment where the defendant actively seeks the jury instruction on the uncharged offense. A defendant should not be able to " 'complain about convictions on an offense which, without his own counsel's intervention, would not have been charged to the jury.' " *Ealey,* 959 S.W.2d at 612 (quoting *Bentley,* 1996 WL 594076, at *2). This is particularly true in light of Tennessee Rule of Appellate Procedure 36(a), which states in pertinent part: "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."

It is clear that the petitioner actively sought the instruction on aggravated assault, and therefore, his actions constituted consent to an effective amendment to the indictment. *See Davenport,* 980 S.W.2d at 409; *Ealey,* 959 S.W.2d at 607.

### Conclusion

In sum, we hold that the indictment was amended to include aggravated assault when the petitioner actively sought the jury instruction on that offense, even

though the petitioner was in error in believing it to be a lesser included offense at that time. Therefore, the trial court had jurisdiction to convict the petitioner of aggravated assault. The conviction is not void, and the petitioner is not entitled to habeas corpus relief.

Because it appears to the Court that the petitioner, Wayford Demonbreun, Jr., is indigent, costs of this appeal are taxed to the State of Tennessee, for which execution may issue if necessary.