IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 22, 2008 Session

**WAYFORD DEMONBREUN, JR. v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 94-B-1131    Cheryl Blackburn, Judge**

_____

**No. M2007-01934-CCA-R3-HC - Filed June 24, 2008**

_____

In 1997, a Davidson County jury convicted the Petitioner, Wayford Demonbreun, Jr., of one count of second degree murder and one count of aggravated assault, and the trial court sentenced him to an effective sentence of twenty-five years in prison. The Petitioner filed a petition for habeas corpus relief, his third such petition, alleging that his conviction is void because: (1) the trial court never conducted a hearing on his motion for new trial and, therefore, never performed his duty as a thirteenth juror; and (2) the trial court lacked statutory authority to render a valid judgment pursuant to Tennessee Code Annotated section 17-1-305. The habeas court denied the petition. On appeal, the Petitioner contends that the habeas court erred. Finding no error, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Theodora A. Pappas, Nashville, Tennessee, for the Appellant, Wayford Demonbreun, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Bret Gunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Facts**

The Petitioner pled guilty to second degree murder and aggravated assault and received an effective twenty-five year sentence. He filed an appeal, challenging the sufficiency of the evidence, and this Court affirmed the convictions. _State v. Wayford Demonbreun Jr._, No. M1998-00239-CCA-WRM-PC, 2000 WL 236458, at *1 (Tenn. Crim. App., at Nashville, Mar. 3,

2000), *perm. app. denied* (Tenn. Sept. 25, 2000). The Petitioner then filed a petition for post-conviction relief, alleging that he received the ineffective assistance of counsel at trial and on appeal. The post-conviction court dismissed the petition, and this Court affirmed that judgment. *Wayford Demonbreun, Jr. v. State*, No. M2002-02195-CCA-R3-PC, 2003 WL 22663212, at *1 (Tenn. Crim. App., at Nashville, Nov. 7, 2003), *perm. app. denied* (Tenn. Mar. 8, 2004).

The Petitioner filed his first petition for habeas corpus relief in October 2004, making two arguments: (1) that he should be granted habeas corpus relief because he did not receive a hearing or disposition on his motion for a new trial; and (2) that his sentences were unconstitutionally enhanced in violation of his rights to a jury trial as proscribed by *Blakely v. Washington*, 542 U.S. 296 (2004). The habeas corpus court dismissed the petition for habeas corpus relief, and this Court affirmed. *Wayford Demonbreun, Jr. v. State*, M2004-03037-CCA-R3-HC, 2005 WL 1541873, at *1 (Tenn. Crim. App., at Nashville, June 30, 2005), *perm. app. denied* (Tenn. Oct. 31, 2005). In our opinion, we held:

> The petitioner's argument relating to the lack of hearing and disposition of his motion for a new trial is not a cognizable claim entitling him to habeas corpus relief. First, it is our view that a motion for a new trial is a procedural requirement, any defect of which would render a judgment voidable not void. *See* Tenn. R. App. P. 3(e). Furthermore, this issue was addressed by this Court in both the petitioner's direct and post-conviction appeals. As we explained, the petitioner had no constitutional right to be present at a hearing on his motion for new trial. *See Demonbreun*, 2003 WL 22663212, at *3. "[T]he lack of a hearing itself afforded no constitutional peril to the petitioner" because the only issue presented in his motion for new trial was the sufficiency of the convicting evidence which was resolved on direct appeal. *Id.* Therefore, the petitioner cannot now resurrect an issue laid to rest by this Court by attempting to reframe it on collateral attack. Even assuming arguendo, that the petitioner had a constitutional right to a hearing on his motion for a new trial, we have previously held that constitutional infirmities create voidable judgments not void judgments unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the petitioner. *See Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982).

*Demonbreun*, 2005 WL 1541873, at *2 (some citations omitted). We also concluded in that opinion that the Petitioner's *Blakely* argument failed.

The Petitioner filed a second petition for habeas corpus relief in March 2005, alleging that his conviction was void because the grand jury indicted him on a charge of attempted first degree murder not aggravated assault. The habeas corpus court dismissed the petition, and the Petitioner appealed. Ultimately, the Tennessee Supreme Court decided this case, and it held that the Petitioner effectively agreed to amend the indictment to include aggravated assault when he requested that the jury be instructed on this offense. *Demonbreun v. Bell*, 226 S.W.3d 321, 322 (Tenn. 2007).

Before the aforementioned Tennessee Supreme Court decision was released, the Petitioner filed a third petition for habeas corpus relief. In this petition he alleged his judgments were void for two reasons. First, the judgments were void because he never received a hearing on his motion for new trial, where the trial judge would have performed his role as the thirteenth juror. The Petitioner asserted that the judge's role as a thirteenth juror is a necessary prerequisite to the imposition of a valid judgment, and, as the trial court failed to perform this role, it lacked the authority to enter a valid judgment in the Petitioner's case. Second, the Petitioner asserted that the trial court lacked the statutory authority to enter a valid judgment pursuant to Tennessee Code Annotated section 17-1-305 (1993),[1] which requires the trial court to grant the Petitioner a new trial since his motion for new trial was pending when the trial judge who presided over his trial died.

The habeas corpus court held that this issue was previously litigated in the Petitioner's first petition for habeas corpus relief. It then followed the same reasoning when it denied the Petitioner's petition on this ground. The habeas corpus court examined whether the petitioner was entitled to relief pursuant to Tennessee Code Annotated section 17-1-305. The habeas court relied upon the Tennessee Supreme Court's decision on the Petitioner's second habeas corpus claim to deny the Petitioner relief. In that opinion, the Court stated, "The conviction is not void, and the petitioner is not entitled to habeas corpus relief." *Demonbreun*, 226 S.W.3d at 327.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Defendant contends that his conviction is void because: (1) the trial court never conducted a hearing on his motion for new trial, and this issue was not previously litigated; and (2) the trial court lacked statutory authority to render a valid judgment pursuant to Tennessee Code Annotated section 17-1-305.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory time limitation preventing a habeas corpus petition, the grounds upon which relief will be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's

---

[1]This was the statute in effect at the time the Petitioner committed the offenses for which he was convicted.

sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statue, is considered void and may be set aside at any time." *May v. Carlton*, 240 S.W.3d 340, 345 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

## A. Motion for a New Trial

The Petitioner first asserts that his judgments are void because the trial court lacked jurisdiction to render the judgments. He asserts that he was denied a hearing on his motion for a new trial, where the trial court would have performed its duty as the thirteenth juror. Further, he asserts that the trial court's approval of the verdict as the thirteenth juror is a necessary prerequisite to the imposition of a valid judgment. Therefore, he asserts, the trial court's failure to fulfill this duty renders the Petitioner's judgements void. The State counters that the trial court correctly noted that this issue was previously litigated in the Petitioner's first petition for habeas corpus relief.

To the extent that the Petitioner appeals that he was denied a hearing on his motion for new trial, we conclude the issue was previously litigated. *See Demonbreun*, 2005 WL 1541873, at *2. We agree with the Petitioner that the specific issue of whether the trial court's failure to perform its duty as a thirteenth juror entitles him to habeas corpus relief was not previously litigated. We, however, conclude that any failure by the trial court in this regard does not afford him the relief he seeks. This Court has previously squarely addressed this issue. *See Ray Darris Thompson v. Raney*, No. 01C01-9608-CC-00249, 1997 WL 643578, at *1 (Tenn. Crim. App., at Jackson, Oct. 20, 1997), *perm. app. denied* (Tenn. Sept. 14, 1998). In that case, we stated, "If a trial judge fails to exercise his role as thirteenth juror, the appellant's conviction would be voidable and he would be entitled to a new trial. Therefore, the appellant fails to allege a cognizable claim for habeas corpus relief." *Id.* Accordingly, the Petitioner is not entitled to relief on this ground.

## B. Statutory Authority

The Petitioner next contends that the trial court lacked the statutory authority to enter the judgments against him. The Petitioner notes that, at the time he committed these offenses, November 3, 1993, Tennessee Code Annotated section 17-1-305 required that a defendant be granted a new trial if the trial judge died while a motion for new trial was pending. The Petitioner agrees that, at the time of his conviction, February 28, 1997, the statute had been amended to provide that if a trial judge died while a defendant's motion for new trial was pending, the trial judge's successor should rule on the motion after reviewing the record. The Petitioner asserts that the law in effect at the time of the offenses is applicable to his case and that this law renders his judgment void. The State fails to address the Petitioner's argument.

The judgment in this case was entered on February 28, 1997, and signed by Judge Shriver. There is some indication in the record that Judge Shriver died in October 1997,[2] and Judge Dozier was appointed to the position. There is further indication that Judge Shriver's death occurred while the Defendant's motion for a new trial was pending.

We conclude that we need not address which version of Tennessee Code Annotated section 17-1-305, the 1993 version or the amended version, applies to the Petitioner's case. As previously stated, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see Richie*, 20 S.W.3d at 633. A claim that the trial judge died before ruling on his motion for new trial is one that would make the judgment voidable and not void because proving the judge's death requires proof beyond the face of the record. The Petitioner's judgment is not void on its face, and he is not entitled to habeas corpus relief.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the judgment of the habeas corpus court.

_____
ROBERT W. WEDEMEYER, JUDGE

---

[2]Judge Dozier mentions the death in a footnote in an order correcting the record.