# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 7, 2013

## CHRISTOPHER SCOTT CHAPMAN v. HENRY STEWARD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 12-CR-9762     R. Lee Moore, Jr., Judge**

---

**No. W2012-02459-CCA-R3-HC  - Filed July 17, 2013**

---

Petitioner, Christopher Scott Chapman, pled guilty to aggravated assault in Davidson County in 2005. As a result, he was sentenced to four years in incarceration. The sentence was suspended, and Petitioner was ordered to probation. In 2008, Petitioner was indicted by the Sumner County Grand Jury for attempted first degree murder. After a jury trial, Petitioner was convicted of the lesser included offense of aggravated assault. Petitioner was sentenced to six years in incarceration to be served consecutively to the Davidson County sentence. Petitioner filed two petitions for writ of habeas corpus in August and September of 2012 in the Lake County Circuit Court challenging the Sumner County conviction. The petitions were denied because they were unverified and did not present proper grounds for habeas corpus relief. Petitioner filed two additional petitions for habeas corpus relief in Lake County, again challenging the Sumner County conviction for aggravated assault. The habeas corpus court denied the petitions, determining that the claims were not cognizable in a petition for habeas corpus relief. Petitioner appeals, arguing that the habeas corpus court improperly denied habeas corpus relief. After a review of the record and applicable authorities, we determine that the habeas corpus court properly denied habeas corpus relief where Petitioner failed to show that his judgment was void.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Christopher Scott Chapman, Pro Se, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Phillip Bivens, District Attorney General; for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

Petitioner plead guilty to aggravated assault in Davidson County in August of 2005. As a result of the guilt plea, Petitioner was sentenced to four years in incarceration. From the record, it appears that Petitioner was ordered to serve the sentence on probation.

Then, in 2008, Petitioner was indicted by the Sumner County Grand Jury for attempted first degree murder and possession of a firearm during the commission of a dangerous felony. The case proceeded to trial, at which Petitioner was convicted of aggravated assault as a lesser included offense of attempted first degree murder. The second count of the indictment was dismissed by the trial court. *State v. Christopher Scott Chapman*, No. M2011-01670-CCA-R3-CD, 2013 WL 1035726, at *1 (Tenn. Crim. App., at Nashville, Mar. 13, 2013). Petitioner was sentenced to serve six years in incarceration, to be served consecutively to the Davidson County sentence for aggravated assault.

Petitioner appealed his conviction and sentence. *Id.* On appeal, he alleged that the trial court erred in instructing the jury on aggravated assault as a lesser included offense; the trial court should have recused itself; and the sentence was excessive and should not have been ordered to be served consecutively to the Davidson County sentence. This Court affirmed the judgment of the trial court, specifically determining that consecutive sentencing was justified where Petitioner was on probation at the time he committed the offense at issue. *Id.* at *10.

On August 28, 2012, Petitioner filed a petition for writ of habeas corpus in the Lake County Circuit Court. The petition challenged the Sumner County conviction and alleged that Petitioner was not receiving the "proper amount of pre-trial jail credit."

On September 5, 2012, Petitioner filed a second petition for writ of habeas corpus in the Lake County Circuit Court. This petition alleged that Petitioner was "convicted of an offense that is neither a lesser included offense in the originally charged offense nor in the indictment" and that he did not receive proper jail credits.

On September 26, 2012, the habeas corpus court entered an order denying the petitions for habeas corpus relief. The habeas corpus court denied the first petition on the basis that it was not signed under oath or verified by affidavit, as required by Tennessee Code Annotated section 29-21-107(a). The second petition was denied because it was not verified by affidavit and did not include all documents that would be involved. Additionally, the habeas corpus court determined that the petition failed to state a claim for habeas corpus

relief; any issue regarding lesser included offenses should have been resolved on direct appeal; and any issue regarding jail credits would not render the judgment void.

On October 18, 2012, Petitioner filed a third petition for habeas corpus relief. In this petition, Petitioner again alleged that his conviction was void because aggravated assault is not a lesser included offense of attempted first degree murder and he was denied pretrial jail credits.

The habeas corpus court entered an order denying the third petition for habeas corpus relief on November 8, 2012. In the order, the habeas corpus court determined that the petition was not signed under oath, as required by statute. The habeas corpus court went on to determine that, even if the petition were properly signed under oath, it did not present a basis for habeas corpus relief because, at best, the issue regarding the proper lesser included offenses would render the judgment voidable, not void. Likewise, any issue involving pretrial jail credits would result in a voidable judgment, not a void judgment. In other words, the petition did not present a cognizable claim for habeas corpus relief.

Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner insists that the habeas corpus court improperly denied the petition for habeas corpus relief. Specifically, he claims that the judgment is void on its face because aggravated assault is not a lesser included offense of attempted first degree murder and he was denied proper pre-trial jail credit. The State argues that the judgment is not void.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely

voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

Petitioner's first argument, that his judgment is void because aggravated assault is not a lesser included offense of attempted first degree murder, does not entitle him to habeas corpus relief. While Petitioner's assertion is legally correct, aggravated assault is not a lesser included offense of attempted first degree murder, it does not render his judgment void on its face. *See Demonbreun v. Bell*, 226 S.W.3d 321, 324 (Tenn. 2007) (determining defendant who actively sought to charge jury with aggravated assault as a lesser included offense of attempted first degree murder effective[ly] consented amendment of the indictment). Petitioner herein failed to show that he did not actively seek an effective amendment to the indictment by requesting that aggravated assault be charged as a lesser included offense. In fact, Petitioner raised an issue with respect to the jury instructions on direct appeal, and this Court determined that Petitioner specifically requested the instruction, thereby consenting to an effective amendment of the indictment. *State v. Christopher Scott Chapman*, 2013 WL 1035726, at *3-4. In other words, the issue raised by Petitioner herein has been previously determined by a court of competent jurisdiction. The "law of the case" doctrine provides that "issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *State v. Jefferson*, 31 S.W.3d 558, 560-61 (Tenn. 2000) (citing *Memphis Publ'g Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)). Moreover, Petitioner's issue does not entitle him to habeas corpus relief. Nothing on the face of the judgment shows that Petitioner's sentence has expired or that the conviction is void. Petitioner is not entitled to relief.

Petitioner also tries to argue that his counsel was ineffective for arguing in favor of aggravated assault as a lesser included offense of attempted first degree murder. This claim is not cognizable in a habeas corpus proceeding. *Passarella*, 891 S.W.2d at 627.

Finally, Petitioner takes issue with the amount of pre-trial jail credit he was awarded. Our review of the record indicates that the trial court did credit Petitioner for the pre-trial jail credits on the judgment form for the Davidson County offense from August 8, 2008, until August 10, 2008. In a case very similar to the one sub judice, we stated, "A defendant incarcerated prior to trial who receives consecutive sentences is only allowed pre-trial jail credits to be applied toward the first sentence." *Marvin Rainer v. David G. Mills*, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *5 (Tenn. Crim. App., at Jackson, Jan. 20,

2006) (citing *Christopher A. Johnson v. State*, No. E2002-01208-CCA-R3-PC, 2003 WL 21145504, at \*5 (Tenn. Crim. App., at Knoxville, May 16, 2003), *perm. app. denied*, (Tenn. Oct. 6, 2003)). This Court also stated, "An inmate may not '"double-dip"' for credits from a period of continuous confinement." *Id.* (citing *Christopher Johnson v. Tenn. Dept. Of Correction*, No. 95-2065-II, 1996 WL 442740 (Tenn. Ct. App. Aug. 7, 1996)). Petitioner has not shown that he was incarcerated on the Sumner county charge between the date of the offense and the date of trial. Moreover, an amended judgment form in the record indicates that Petitioner was given pretrial jail credit on the Davidson County aggravated assault conviction from August 11, 2008, to February 2, 2011. We conclude that the trial court correctly applied Petitioner's pre-trial jail credits to the sentence deriving from the Davidson County conviction and properly omitted them from his consecutive Sumner County sentence. Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

_____
JERRY L. SMITH, JUDGE