IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2019

## STATE OF TENNESSEE v. WAYFORD DEMONBREUN, JR.

**Appeal from the Criminal Court for Davidson County**
No. 94-B-1131      Steve R. Dozier, Judge

_____

### No. M2018-02159-CCA-R3-CD

_____

The Petitioner, Wayford Demonbreun, Jr., appeals the Davidson County Criminal Court's summary denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. On appeal, the Petitioner argues that his convictions are illegal because the trial court failed to award pretrial jail credits, the date his sentences were imposed is in question, the trial judge's name was not printed on the judgment forms, and the judgment forms were not stamped filed. We affirm the trial court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Wayford Demonbreun, Jr., Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS AND PROCEDURAL BACKGROUND

The Petitioner was convicted of second degree murder and aggravated assault in 1997. He received an effective sentence of twenty-five years. This court affirmed the Petitioner's convictions. *See State v. Wayford Demonbreun, Jr.*, No. M1998-00239-CCA-WRM-PC, 2000 WL 236458, at *1 (Tenn. Crim. App. Mar. 3, 2000). This court

also affirmed the post-conviction court's denial of post-conviction relief. *See Wayford Demonbreun, Jr. v. State*, No. M2002-02195-CCA-R3-PC, 2003 WL 22663212, at *4 (Tenn. Crim. App. Nov. 7, 2003). The Petitioner has sought habeas corpus relief on multiple occasions, all of which have been denied. *See Wayford Demonbreun, Jr. v. State*, No. M2007-01934-CCA-R3-HC, 2008 WL 2521656, at *4 (Tenn. Crim. App. June 24, 2008) (affirming the trial court's denial of habeas corpus relief); *Demonbreun v. Bell*, 226 S.W.3d 321, 322 (Tenn. 2007) (affirming the dismissal of the petition for writ of habeas corpus); *Wayford Demonbreun, Jr. v. State*, No. M2004-03037-CCA-R3-HC, 2005 WL 1541873, at *1 (Tenn. Crim. App. June 30, 2005).

Most recently, the Petitioner filed a motion for a correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Petitioner argued that the judgment forms for his convictions are "void." He alleged that the date the judgment for his second degree murder conviction was entered is in question because it appears that it was changed from June 3, 1997 to February 28, 1997. He claimed that the judgment forms do not address the amount of pretrial jail credit to which he is entitled. Additionally, he asserted that the date the sentence was imposed is in question and that there is no indictment or warrant number on the judgment form. He argued that the judgment form does not contain the trial judge's printed name and the judgment form is not file-stamped.

The trial court summarily dismissed the Petitioner's motion finding that the Petitioner did not assert a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1. The Petitioner now appeals.

## ANALYSIS

On appeal, the Petitioner argues that the trial court erred in summarily dismissing his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. He asserts that his sentence is illegal for three reasons. First, he argues that the judgment forms are incomplete and facially void due to the lack of the trial judge's printed name and pretrial jail credits. Second, he asserts that there are two dates indicating when the judgment for his second degree murder conviction was entered. Third, the Petitioner maintains that his sentence should be set aside because the judgment forms are not file-stamped. The State maintains that the trial court did not err in summarily dismissing the motion because he has only identified clerical errors, which do not render his sentence illegal.

Rule 36.1 provides that "[e]ither the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). Rule 36.1

defines an illegal sentence as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). A trial court can summarily dismiss a Rule 36.1 motion when the motion fails to state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2). Whether the Petitioner's motion states a colorable claim under Rule 36.1 is a question of law, which we review de novo. *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015). The Tennessee Supreme Court has determined that a colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593 (Tenn. 2015).

There are three categories of sentencing errors: clerical errors, appealable errors, and fatal errors. *Id*. at 595. A fatal error is the only category of error that renders a sentence illegal. *Id.* An error is fatal when the error renders the sentence illegal and void. *Id.* Appealable errors consist of "those errors for which the Sentencing Act specifically provides a right to direct appeal." *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011). "Clerical errors 'arise simply from a clerical mistake in filling out the uniform judgment document….'" *Wooden*, 478 S.W.3d at 585 (quoting *Cantrell*, 346 S.W.3d at 452).

Although the Petitioner maintains that the failure to award pretrial jail credits renders his sentences illegal, the Tennessee Supreme Court has determined that "a trial court's failure to award pretrial jail credits does not render a sentence illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). Furthermore, the Petitioner has failed to show how the lack of the trial court judge's printed name on the judgment forms renders his sentence illegal. At most, the omission of the trial judge's printed name amounts to a clerical error. *See State v. Marcus Grady Hodge*, No. M2015-01225-CCA-R3-CD, 2016 WL 1166356, at *3 (Tenn. Crim. App. Mar. 24, 2016) (determining that it was a clerical error when one judge's name appeared on the line for the printed name and a different judge signed the judgment form).

The Petitioner asserts that the day the sentence was imposed is in question because on the judgment form for his conviction of second degree murder there was a line drawn through the date of entry, and the date February 28, 1997, was written in. The State notes that the only dates on the judgment forms indicate that the judgments were entered on February 28, 1997. The Petitioner failed to establish that this renders his sentence illegal. Additionally, this court has previously noted that the judgments were entered on February 28, 1997. *See Wayford Demonbreun Jr. v. State*, No. M2007-01934-CCA-R3-HC, 2008 WL 2521656, at *3 (Tenn. Crim. App. Sept. 29, 2008).

With regard to the Petitioner's claim that the failure to file-stamp his judgments renders his sentences illegal, this court has determined in the habeas corpus context that the lack of a file-stamp does not render a sentence illegal. *See Lorenza Zackery v. State*, No. M2018-00944-CCA-R3-HC, 2019 WL 211923, at *2 (Tenn. Crim. App. Jan. 16, 2019), *no perm. app. filed* (concluding that the lack of a file-stamp does not render a sentence void); *State v. Gary Carr*, No W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App. June 9, 2017) (concluding that when the judgment form "contains the relevant information concerning the conviction[,] offense, and sentence," then the failure to file-stamp the judgment "does not require a judgment to be set aside"). The definition of an illegal sentence under Rule 36.1 is coextensive with the definition of an illegal sentence in the habeas corpus context. *Wooden*, 478 S.W.3d at 595. Therefore, we conclude that the Petitioner has not established that he is entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

- 4 -