FILED

12/05/2024

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 9, 2024

**MONOLETO D. GREEN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2002-C-1287    Steve R. Dozier, Judge**

_____

**No. M2024-00783-CCA-R3-HC**
_____

The Petitioner, Monoleto D. Green, acting pro se, appeals from the order of the Davidson County Criminal Court summarily dismissing his second petition seeking a writ of habeas corpus. Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals, we affirm.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and JOHN W. CAMPBELL, SR., JJ., joined

Monoleto D. Green, Pro se, Nashville, Tennessee.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The most recent history of the Petitioner's case is outlined in this court's opinion affirming the summary dismissal of the Petitioner's first petition seeking a writ of habeas corpus. Green v. State, No. W2021-00527-CCA-R3-HC, 2022 WL 971994, at *1 (Tenn. Crim. App. Mar. 31, 2022). The Petitioner was convicted by a Davidson County Criminal Court jury of three counts of aggravated robbery and three counts of robbery based on his 2002 "ten-day crime spree" in which he robbed five different Nashville area motels and received an effective sentence of seventy-eight years. See State v. Green, No. M2003-02774-CCA-R3-CD, 2005 WL 1046800, at *1 (Tenn. Crim. App. May 5, 2005). As relevant here, on direct appeal, the Petitioner argued (1) there was insufficient evidence to

- 1 -

support the three convictions of aggravated robbery because the Petitioner never displayed any article used or fashioned to lead his victims to believe was a deadly weapon reasoning merely placing a hand inside a pocket while claiming to have a gun does not satisfy the required element for an aggravated robbery in Tennessee; and (2) the evidence was insufficient to support the robbery conviction in count six because the victim was never placed in fear. Id. at *5. In affirming the robbery conviction, this court noted "it was clear from [the victim in count six's] testimony and actions that she was placed in fear, and a jury could reasonably infer as much from the evidence presented at trial.

Regarding the Petitioner's challenge on direct appeal to his aggravated robbery convictions, this court noted Tennessee law does not require the prosecution to prove a defendant made "gestures" while his hand was in a pocket, or that he "shaped" his hand in a manner that resembled a weapon before the elements of aggravated robbery are satisfied, and that an actual weapon need not be displayed to meet the requirements of the aggravated robbery statute. Id. at *9. The jury was entitled to accredit the testimony of all three victims: that the Petitioner's note threatening he had a gun combined with his hand concealed in his pocket led each of them to believe he was armed. Id. at *10.

The Petitioner subsequently filed two petitions seeking post-conviction relief, both of which were summarily dismissed as untimely. See Green v. State, No. M2015-00937-CCA-R3-PC, 2015 WL 6549286, at *1 (Tenn. Crim. App. Oct. 29, 2015) (noting that no appeal was taken from the first petition and rejecting the Petitioner's claims that the one-year statute of limitations for post-conviction relief is unconstitutional and that it should be tolled due to the Petitioner's alleged mental incompetence).

On March 22, 2021, the Petitioner filed his first petition for a writ of habeas corpus and claimed that the State presented perjured testimony at trial, the jury was unconstitutionally impaneled, the State withheld exculpatory evidence, the Petitioner's convictions violated principles of double jeopardy, the Petitioner was denied the effective assistance of counsel, and there was a variance between the indictment and the proof. In declining to waive the Petitioner's untimely notice of appeal, this court noted that the Petitioner was attempting to recycle the same claims he raised in his petitions for post-conviction relief, that the Petitioner had failed to attach to the petition either his indictments or his judgments, and we affirmed summary dismissal of his first petition for writ of habeas corpus. Green v. State, 2022 WL 971994, at *1.

On March 18, 2024, the Petitioner filed another petition for a writ of habeas corpus in Davidson County. As grounds, the Petitioner claimed (1) counts two, five, and six of his indictment were changed to robbery after the jury was sworn and jeopardy attached; and (2) at trial, the victims in counts one, three, and four each committed perjury because their testimony concerning the Petitioner's "hand in pocket" was inconsistent with the

earlier statements the witnesses provided to law enforcement. Regarding the amendment to the indictment, the Petitioner specifically alleged the prosecutor "did [him] a favor because he amended [counts] two, five, and six to the lesser charge of robbery that is why the public defender did not object." He alleged the public defender was ineffective in not doing so. In relation to his second claim, the Petitioner also apparently argues the State withheld certain video evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

On April 30, 2024, the habeas corpus court issued an order summarily dismissing the Petitioner's March 2024 petition. First, the court outlined the Petitioner's procedural case history in the trial court which included three prior petitions seeking habeas corpus relief in 2009 "asserting insanity," in January 2011 "averring judicial overreach in revoking the Petitioner's bond," and in March 2011 on unspecified grounds, all of which were dismissed. It does not appear the Petitioner sought appellate review of these petitions for habeas corpus relief. In addressing the March 2024 petition, the court recognized the procedural requirements for habeas corpus had not been met because the Petitioner had "failed to include in the submitted record all judgments from his original case, providing only three judgment forms of six convictions." However, the court concluded that even if the Petitioner had complied with the requirements, the Petitioner had failed to raise a colorable claim meriting habeas corpus relief. The Petitioner did not appeal the dismissal of his March habeas corpus petition.

On May 6, 2024, one week after the order dismissing the March petition was issued, the Petitioner filed the instant petition seeking a writ of habeas corpus. Within the May petition, the Petitioner explained that "judgment sheets will not be annexed to this application because [the Davidson County Clerk's office] has not sent/mailed the requested judgment sheets." The Petitioner acknowledged that he requested the judgments in 2023, and he attached a letter from the Clerk's office advising him that the requested information would not be provided because the Petitioner did not have a pending case. The Petitioner also acknowledged that the May petition was his fourth habeas petition before the court and that no copies of the prior petitions would be attached because they were unavailable. Instead, the Petitioner attached Green v. State, 2022 WL 971994, at *1, to his petition.

While not entirely clear, it appears the issues raised in the May petition mirror the issues presented in the March petition. The substance of the May petition is entitled, "LAW" and contains twenty-three bullet points with corresponding rules of law or legal authority. The May petition also contains a section in which the Petitioner moves the court to produce grand jury testimony and certain emails exchanged between the State and defense counsel prior to trial. At the end of the May petition, the Petitioner attached a letter to the habeas corpus court noting, among other things, that although he had read the court's April order dismissing his March petition, he thought the March petition had been lost in the mail because he never received a response from the court. He sent the May petition

certified mail to avoid confusion and sought to attach the May petition to the March petition. The Petitioner also attached the court's April order denying his May petition, which contained the Petitioner's handwritten insertions of vehement disagreement and disdain for the court.

On May 15, 2024, the habeas corpus court filed an order denying the Petitioner's May petition. In summarily dismissing the May petition, the court noted that it had completed a written order denying the habeas petition on April 30, 2024, that the Petitioner received the same order based on "the critiqued copy [sent] to the Court," and that it found no justification to revisit a follow-up copy of the petition. It is from this order that the Petitioner now appeals.

## ANALYSIS

In seeking a writ of habeas corpus, the Petitioner contends that the State presented perjured testimony at trial, the State suppressed exculpatory evidence prior to trial, and that the Petitioner was illegally convicted on charges not included in the original indictment. In response, the State argues that the Petitioner failed to provide any grounds to establish that his judgments are void. We conclude that the Petitioner is not entitled to relief.

"The determination of whether habeas corpus relief should be granted is a question of law." Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, we review a lower court's findings and conclusions on a petition for writ of habeas corpus de novo with no presumption of correctness. Id. (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)). In doing so, we are limited to "the face of the judgment and the record upon which the judgment was rendered." May v. Carlton, 245 S.W.3d 340, 343 (Tenn. 2008) (citing Smith v. Lewis, 202 S.W.3d 124, 128 (Tenn. 2006)).

The right to seek habeas corpus relief is guaranteed under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15. However, habeas corpus relief will only be granted on narrow grounds. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). A habeas corpus petition may only be utilized to establish that the challenged judgment is void, as opposed to merely voidable. Id. (citing Taylor v. State 995 S.W.2d 78, 83 (Tenn. 1999); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes, 978 S.W.2d at 529; Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993)). Thus, "[i]n all cases where

- 4 -

a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Further, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from a petitioner's filings that no cognizable claim has been stated and that a petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20.

As an initial matter, the habeas corpus court dismissed the Petitioner's March 2024 petition with a fully detailed order, reasoning that the Petitioner failed to comply with the procedural requirements of habeas corpus because he did not include all six judgments from his original case and that the Petitioner failed to state a colorable claim that his sentences are illegal. In our view, the habeas court interpreted the Petitioner's subsequent May petition as a motion to reconsider the March petition because they were substantially the same. In any case, we conclude that summary dismissal of each petition was proper because the Petitioner failed to allege a cognizable claim for habeas corpus relief.

First, the Petitioner claims that multiple witnesses committed perjury when they each testified that he had "his hand in his pocket" during the robberies, giving them a reasonable belief that the Petitioner had a weapon in his pocket. A petitioner's allegation that a witness committed perjury is merely an attempt to review and question the sufficiency of evidence and not a cognizable claim for relief. See Gant v. State, 507 S.W.2d 133, 135-136 (Tenn. 1973) (holding that habeas corpus petitions may not be employed to review and question the sufficiency of the evidence introduced at trial); Jackson v. State, No. 03C01-9904-CC-00164, 2000 WL 66090, at *1 (Tenn. Crim. App. Jan. 27, 2000) (concluding that allegations of perjured testimony are not proper grounds for habeas corpus relief).

Second, the Petitioner argues that the State suppressed a video tape that would have proved the witnesses perjured themselves. A writ of habeas corpus is limited to void judgments, and as such, a potential Brady violation is not cognizable in a habeas corpus proceeding. Durell v. State, No. E2022-01541-CCA-R3-HC, 2023 WL 4489453, at *2

- 5 -

(Tenn. Crim. App. July 12, 2023) (citations and internal quotations omitted), <u>no perm. app. filed</u>; <u>see also</u> <u>Gilmore v. Locke</u>, M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *3 (Tenn. Crim. App. Mar. 30, 2006) ("Even if the petitioner had been denied the rights identified in <u>Brady</u>, the constitutional violation would have produced a voidable judgment only.").

Third, the Petitioner contends that the amendment to the indictment reducing three aggravated robbery charges to robbery made his judgment facially invalid because robbery is "a different and broader charge" than aggravated robbery. According to the Petitioner, he was not provided sufficient notice, and his constitutional right to a jury trial was prejudiced because the amendment was made without his consent. This claim necessarily requires proof beyond the face of the record because it is unclear if the amendment was made without the Petitioner's consent; therefore, the judgment is facially valid. As noted by the Petitioner in his March 2024 petition, defense counsel did not object to the amendment of the indictment. <u>See e.g.</u>, <u>State v. Ealey</u>, 959 S.W.2d 605, 612 (Tenn. Crim. App. 1997) (noting that the defendant, through his counsel, not only consented to being tried on the charge of reckless endangerment, but actively sought this result and finding that the defendant's actions constituted consent to an effective amendment to his indictments). The proper vehicle for attacking a facially valid judgment is a petition for post-conviction relief, not a habeas corpus petition. <u>Luttrell v. State</u>, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). In addition, although they are not the same, robbery is a lesser included offense of aggravated robbery because its statutory elements are included within the statutory elements of aggravated robbery. <u>See</u> Tenn. Code Ann. §§ 39-13-401; -402(a); <u>State v. Burns</u>, 6 S.W.3d 453, 466 (Tenn. 1999). Accordingly, under the original indictment, the Petitioner was on notice that he could be found guilty and convicted of simple robbery as all elements required to prove it were "necessarily included in the offense charged." Tenn. R. Crim. P. 31(d)(1)(A); Tenn. Code Ann. §§ 39-13-401; -402(a); <u>see also</u> <u>State v. Hollingsworth</u>, E2015-01462-CCA-R3-CD, 2017 WL 111331, at *8, *12 (Tenn. Crim. App. Jan. 11, 2017) (affirming an amendment to the original indictment that allowed tolling language affecting the statute of limitations period for the lesser included offense of second degree murder, which the defendant was later convicted of even though he was originally charged with first degree murder). Because the indictment performed its statutory and constitutional purposes, the Petitioner suffered no prejudice to his substantial rights, and he is not entitled to relief.

## CONCLUSION

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the findings of

the trial court.  <u>See</u> Tenn. R. Ct. Crim. App. 20.  We conclude that this case satisfies the criteria of Rule 20.  Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the Davidson County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.


_____
CAMILLE R. MCMULLEN, PRESIDING JUDGE